**Dorothy Dean DUCKETT, Appellant,**

v.

**BOARD OF TRUSTEES, The CITY OF HOUSTON FIREMEN'S RELIEF AND RETIREMENT FUND, Appellee.**

No. 01–91–00880–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

June 18, 1992.

Rehearing Denied July 16, 1992.

Meyer Jacobson, Houston, for appellant.

Sallee S. Smyth and Dennis B. Kelly, Houston, for appellee.

Before OLIVER–PARROTT, C.J., and DUNN and WILSON, JJ.

OPINION

OLIVER–PARROTT, Chief Justice.

This Court is asked to determine whether the trial court properly granted a summary judgment in favor of appellee, Board of Trustees, The City of Houston Firemen's

Relief and Retirement Fund. We find that it did and affirm the judgment of the trial court.

## Background

The facts in the instant case are undisputed. Appellant, Dorothy Dean Duckett, was married to Holland Duckett (Holland), who was employed by the City of Houston Fire Department as a fireman. During his employment with the fire department, both Holland and the City of Houston made contributions on his behalf to the Houston Firemen's Relief and Retirement Fund (the Fund). On February 26, 1979, Holland and appellant were divorced after 32 years of marriage. As part of the divorce decree, appellant was awarded a fractional interest in Holland's retirement benefits. The retirement benefits were to be paid to Holland as constructive trustee for the benefit of appellant.

On November 5, 1980, Holland married Nina Duckett (Nina), who is not a party to this appeal. Holland retired from the fire department in October 1983, with the effective date of his pension being August 2, 1982. Holland served a little over 30 years with the fire department. After his retirement, Nina and Holland were divorced but were remarried on December 23, 1983. Nina and Holland remained married until his death on October 26, 1990.

When Holland retired from the fire department, he began receiving monthly retirement benefit payments from the Fund. Holland, however, failed to pay appellant her fractional percentage of the benefit payments as required by the divorce decree. As a result of his failure to make payments, appellant obtained an order in aid of and enforcement of the property division, dated September 15, 1985, ordering Holland to pay appellant for past benefits not received. The judgment further ordered appellee to make future retirement benefit payments to a new trustee for the benefit of appellant.

In October of 1990, when Holland died, appellee ceased making retirement benefit payments to appellant and began making survivor benefit payments to Holland's then surviving widow, Nina. In response to the discontinuation of payments, appellant filed a "Petition in Aid to Enforce Decree of Divorce" seeking to enforce the prior judgment dated September 15, 1985. Appellant argues this judgment places her in the same position as if she had been married to Holland at the time of his death. Thus, she contends her "marital status is unchanged." After filing a general denial, appellee filed a motion for summary judgment asserting that appellant was not entitled to recover in the capacity in which she sued to recover survivor benefits. Appellee argues the statute governing the administration of the Fund provides that survivor benefits are to be paid to a deceased member's survivors, who are statutorily defined as a "surviving widow" and certain qualified dependents.[1] Because appellant is not Holland's surviving widow, appellee asserts that she is not entitled to receive survivor benefits. The trial court granted appellee's motion for summary judgment dismissing appellant's cause of action with prejudice.

## Standard of review

A summary judgment is proper only when a movant establishes that there is no genuine issue of material fact and that he is entitled to judgment as a matter of law. *Swilley v. Hughes*, 488 S.W.2d 64, 67 (Tex. 1972). In a summary judgment proceeding, the burden of proof is on the movant, and all doubts about the existence of a genuine issue of fact are resolved against the movant. *Roskey v. Texas Health Facilities Comm'n*, 639 S.W.2d 302, 303 (Tex. 1982).

Summary judgment is proper for a defendant if his summary judgment proof establishes, as a matter of law, that there exists no genuine issue of material fact concerning one or more of the essential elements of plaintiff's cause of action.

---

1. The qualified dependents include a child or children under the age of 18 years, a child who is over the age of 18 who is totally disabled as a result of a physical or mental illness, injury, or retardation, or a dependant parent or parents. TEX.REV.CIV.STAT.ANN. art. 6243e.2, § 11(a) (Vernon Pamph.1992).

*Gray v. Bertrand,* 723 S.W.2d 957, 958 (Tex.1987); *Goldberg v. United States Shoe Corp.,* 775 S.W.2d 751, 752 (Tex. App.—Houston [1st Dist.] 1989, writ denied). A summary judgment for the defendant disposing of the entire case is proper only if, as a matter law, the plaintiff could not succeed upon any theories pleaded. *Delgado v. Burns,* 656 S.W.2d 428, 428 (Tex.1983); *Havens v. Tomball Community Hosp.,* 793 S.W.2d 690, 691 (Tex.App.—Houston [1st Dist.] 1990, writ denied).

In reviewing the granting of a motion for summary judgment, this Court will take all evidence favorable to the nonmovant as true. *MMP, Ltd. v. Jones,* 710 S.W.2d 59, 60 (Tex.1986); *Goldberg,* 775 S.W.2d at 752. Every reasonable inference will be indulged in favor of the nonmovant, and any reasonable doubt will be resolved in his favor. *Continental Casing Corp. v. Samedan Oil Corp.,* 751 S.W.2d 499, 501 (Tex. 1988); *Goldberg,* 775 S.W.2d at 752. If we determine that summary judgment was improperly granted, we will reverse the judgment and remand the cause for a trial on the merits. *Jones v. Strauss,* 745 S.W.2d 898, 900 (Tex.1988).

In her first, second, third, fourth, and sixth points of error, appellant argues the trial court erred in its entry of summary judgment because (1) she has been divested of her property without due process of law, (2) she is being deprived of equal protection of the laws under the United States Constitution, (3) Holland's surviving widow, Nina, is being unjustly enriched, (4) the trial court judgment created a forfeiture of her pension rights, and (5) the trial court committed fundamental error.

■ The contentions raised in the points of error detailed above were raised for the first time in appellant's amended motion for new trial, which the trial court denied. Appellant's argument under these points of error, appears to assign error to the trial court's failure to grant her amended motion for new trial. The only defect that does not need to be raised in a response to a motion for summary judgment is an attack on the legal sufficiency of the grounds for the judgment. *City of Houston v.*

*Clear Creek Basin Auth.,* 589 S.W.2d 671, 678 (Tex.1979). We find appellant failed to preserve any error with regard to her first, second, third, fourth, and sixth points of error. *State Bd. of Ins. v. Westland Film Indus.,* 705 S.W.2d 695, 696 (Tex.1986).

Appellant's first, second, third, fourth, and sixth points of error are overruled.

■ In her fifth point of error, appellant argues the trial court erred in granting appellee's motion for summary judgment because the trial court applied the wrong statute in determining whether she was entitled to receive survivor benefits. Appellant argues the trial court erred in not taking judicial notice that the population of the City of Houston exceeds 1,500,000 and as a result the trial court did not apply the proper statute. Appellant asserts the proper statute to be applied is TEX.REV.CIV.STAT. ANN. art. 6243g (Vernon Pamph.1992) entitled "Municipal Pension Systems in cities [having a population] of 1,500,000 or more." Judicial notice of the population of Houston is not the issue here.

Appellee asserts that TEX.REV.CIV.STAT. ANN. art. 6243e.2 (Vernon Pamph.1992), entitled "Firemen's relief and retirement fund in cities of not less than 1,200,000," clearly governs the administration of the Fund. We agree.

Article 6243e.2 provides for the creation of a Firemen's relief and retirement fund in all incorporated cities having a population of not less than 1,200,000 and having a fully paid fire department. It is undisputed that the City of Houston has created and contributes to the Firemen's relief and retirement fund. It is further undisputed that the population of the City of Houston exceeds 1,200,000. Appellee attached to its motion for summary judgment the affidavit of George Cones, the executive director of the Board of Trustees for the "Firemen's Relief and Retirement Fund of the City of Houston." Cones stated in his affidavit that disbursement of benefits under the Fund are governed by the provisions of article 6243e.2. A copy of the statute was also attached to appellee's motion for summary judgment. As noted above, appellant

did not offer any contrary summary judgment evidence to controvert this assertion.

Moreover, article 6243g, section 4(d) provides that the following persons are not eligible as pension systems members:

Employees in positions covered by *any other pension plan* of such city to which the city contributes or persons drawing a pension from any such system, including employees who are excluded from membership in another pension plan by action of the board of trustees of the pension plan, except to the extent that they are covered in another pension plan only as a beneficiary.

Tex.Rev.Civ.Stat.Ann. art. 6243e.2 (Vernon Pamph.1992) (emphasis added). By establishing and contributing to the Fund, the City of Houston has created the "other pension plan" that is referred to in section 4(d) of article 6243g. Accordingly, Holland as a member and participant of the Fund is not eligible to accrue benefits under the provisions of 6243g. Appellant does not dispute that Holland was a member and participant in the Fund.

We therefore hold the controlling statute to which appellee is subject in its administration of the Fund is article 6243e.2.

Appellant's fifth point of error is overruled.

█ In her seventh point of error, appellant argues the trial court erred in granting appellee's motion for summary judgment because the trial court misinterpreted article 6243e.2.

As noted above, article 6243e.2 provides for the creation of the Fund and for the payment of pension benefits for members based on years of service with the fire department and the number of years a member participates in the Fund. Under section 4(d)(a) of article 6243e.2, a member who has attained the age of 50 years, who has served actively for a period of 20 years or more, and who has participated in the Fund is entitled to retire and shall be entitled to be paid from the Fund a monthly pension. It is undisputed that after Holland's retirement he was receiving monthly

retirement benefits pursuant to section 4(a) of article 6243e.2, and that appellant received a fractional share of these payments upon her divorce from Holland.

Article 6243e.2 also contains provisions providing for death benefits for the survivors of a deceased member of the Fund. Section 11(a) of article 6243e.2 provides that the survivors of a deceased member who is receiving pension benefits are entitled to a continuation of his benefits. Under section 7(a) of article 6243e.2, the amount of the pension benefits paid as "survivor benefits" is based on the amount of pension benefits being paid at the time of the member's death. As noted above, "survivors" are statutorily defined as a surviving widow and certain qualified dependents.

Appellant does not assert that she is entitled to survivor benefits as Holland's widow. Rather, appellant bases her right to recover these benefits on the property award she received upon her divorce from Holland.

Appellee asserts that the pension rights that appellant was awarded at divorce were only those legally owned by the community estate at the time of divorce—those *retirement* benefits earned during her marriage to Holland. Appellee does not dispute that appellant was entitled to receive her fractional share of Holland's retirement benefits. Appellee, however, asserts that the pension rights that appellant now seeks to recover are "survivor benefits" which are clearly distinguishable from "retirement benefits." Thus, because she is not Holland's widow, appellant is not entitled to receive survivor benefits under article 6243e.2, section 11(a).

In *Lack v. Lack*, 584 S.W.2d 896 (Tex. Civ.App.—Dallas 1979, writ ref'd n.r.e.), the court addressed whether an ex-wife of a city of Dallas fireman was entitled to receive death benefits under a similar pension plan. In *Lack*, the pension plan in question was governed by Tex.Rev.Civ. Stat.Ann. art. 6243a[2], which is a parallel provision to article 6243e.2. Section 18 of

---

**2.** Now Tex.Rev.Civ.Stat.Ann. art. 6243a–1 (Vernon    Pamph.1992).

article 6243a–1 also designates that the "surviving spouse", rather than the ex-wife, receive death benefits. The court held that although part of the contributions to the plan were made with community funds of the fireman and his ex-wife, the right to the fireman or his survivors to receive benefits under the plan depended on the provision of the statute. *Lack*, 584 S.W.2d at 898. Thus, the ex-wife was not entitled to a prorata share of the death benefits even though a prorata share of the death benefits would otherwise be community property. *Id.*

Under the pension plan in *Lack*, only unmarried widows and minor children were entitled to receive death benefits. The court reasoned that:

> [s]ince the pension rights in question are wholly statutory, the legislature could designate the beneficiaries to whom death benefits are payable, and it has done so by limiting such benefits to widows so long as they remain unmarried and to children so long as they remain unmarried and are under 18 years of age.... [A]ny inchoate interest of a spouse of a participant never ripens into a community property interest until occurrence of the contingency on which that interest depends.... [T]hus, since the right to death benefits can never be established until the death of the participant, such benefits are not property acquired during the marriage, and therefore, are not community property.

*Lack*, 584 S.W.2d at 898.

In *City of Dallas v. Trammell*, 101 S.W.2d 1009, 1013 (Tex.1937), the supreme court held that the right of a pensioner to receive monthly payments from a statutory pension fund, after retirement and after his right to the fund had accrued, was subordinate to the right of the legislature to completely abolish the pension fund or diminish the accrued benefits of a pensioner under the plan. The rationale being that an employee who elects to participate in a statutory pension plan does so "in contemplation of the reserved right of the legislature to amend or to repeal laws on which the pension systems are found." *Id.* at

1012. The court in *Lack*, relying on this holding, held that it logically follows that the legislature may also divest the inchoate contingent interest of an ex-wife. *Lack*, 584 S.W.2d at 899.

The instant case is indistinguishable from *Lack*. Holland's widow, Nina, is statutorily designated as the beneficiary of death benefits under the Fund. Thus, any rights that appellant had to death benefits under article 6243e.2 were contingent on her surviving Holland as his widow; consequently, she has no claim to death benefits after divorce. *Lack*, 584 S.W.2d at 900.

We therefore hold that as a matter of law appellant is not entitled to recover survivor benefits under article 6243e.2.

Appellant's seventh point of error is overruled.

The judgment is affirmed.