United States Court of Appeals,

Fifth Circuit.

No. 95-20296

Summary Calendar.

Isaak KUNIN, Plaintiff-Counter Defendant-Appellee,

v.

Dmitry FEOFANOV, Defendant-Counter Claimant-Appellant.

Nov. 20, 1995.

Appeal from the United States District Court for the Southern District of Texas.

Before KING, SMITH and BENAVIDES, Circuit Judges.

PER CURIAM:

In this diversity case, Dmitry Feofanov appeals a summary judgment in favor of Isaak Kunin. For essentially the reasons contained in the district court's comprehensive opinion, we affirm.[1]

Feofanov is the son from a previous marriage of Kunin's deceased wife. During his marriage to Mrs. Kunin, Kunin participated in two public pension plans, of which Mrs. Kunin was the designated beneficiary. Upon Mrs. Kunin's death, Kunin filed this action seeking a declaratory judgment that Feofanov has no interest in the pension accounts as Mrs. Kunin's heir.

Under TEX.GOV'T CODE ANN. § 804.101 (West 1994), a non-employee spouse's interest in a public pension account terminates at his death. Feofanov concedes the applicability of § 804.101, but

---

[1]See No. H-93-3824, *Kunin v. Feofanov* (S.D.Tex. Mar. 16, 1995). We include the district court's opinion as an appendix.

1

argues that the provision violates TEX. CONST. art. XVI, § 15, which prohibits the legislature from transforming the community property of spouses into the separate property of one spouse. The district court found that § 804.101 is constitutional, and we agree.

Feofanov relies upon *Allard v. Frech,* 754 S.W.2d 111 (Tex.1988), *cert. denied,* 488 U.S. 1006, 109 S.Ct. 788, 102 L.Ed.2d 779 (1989), holding that where no provision was made concerning the rights of a deceased, non-employee spouse in a private retirement plan, one-half of the plan benefits acquired during the marriage were properly included in the non-employee spouse's estate. The district court found *Allard* inapplicable, however, as the *Allard* court indicated that the legislature could properly adopt the terminable interest rule, whereby the non-employee spouse's pension interest terminates at the death of either spouse. *Id.* at 114-15. Because § 804.101 represents a legislative adoption of the terminable interest rule, it is constitutional under *Allard.*

The district court also held that § 804.101 is constitutional because it applies to public pension plans. Under Texas law, public pensions are wholly statutory creations and are subordinate to the state's power to alter or abolish pension benefits. The district court concluded that § 804.101 was a proper exercise of the legislature's power to define pension benefits: "Section 804.101, however, does not recharacterize community property as separate property but rather defines the non-member spouse's statutory property interest itself as one that terminates upon the death of such non-member spouse."

2

AFFIRMED.

UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF TEXAS

HOUSTON DIVISION


| | | |
|---|---|---|
| ISAAK KUNIN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-93-3824 |
| | § | |
| DMITRY FEOFANOV, | § | |
| | § | |
| Defendant. | § | |


*MEMORANDUM AND ORDER*

Pending is Defendant/Counter Plaintiff Dmitry Feofanov's Motion for Partial Summary Judgment and/or Motion for Partial Judgment on the Pleadings (Document No. 16), and Plaintiff/Counter Defendant Isaak Kunin's Motion for Summary Judgment (Document No. 18). Having carefully considered the summary judgment evidence, arguments, and authorities submitted by counsel, the Court is of the opinion that Plaintiff Isaak Kunin's motion should be GRANTED and Defendant Dmitry Feofanov's motion should be DENIED.

I. *Background*

The material facts of this case are not controverted and are recounted as follows. From late 1979 or early 1980 to the present time, and in connection with his employment as an engineering professor at the University of Houston, Plaintiff Isaak Kunin has participated in two pension plans available to employees of the University. The pension plans are held with Mutual Life Insurance Company of New York ("MONY") and consist of an Optional Retirement Plan ("ORP") established by the State of Texas, *see* Tex.Gov't Code Ann. § 801.001(2) (Vernon 1994), and a Tax Deferred Annuity Plan ("TDAP") established by the University of Houston, a state-supported institution of higher education. *See* Tex.Educ.Code Ann. § 111 *et seq.* (Vernon 1991 & Supp.1995). As such, Plaintiff was a "member" of a "public retirement system." *See* Tex.Gov't Code Ann. §§ 812.003, 804.001(3) (Vernon 1994).

Plaintiff married Inessa (Dvoskina) Kunin on February 2, 1982.[1] On June 16, 1993, Mrs. Kunin died, survived only by Plaintiff, her husband, and Defendant Dmitry Feofanov, her son from a previous marriage. Mrs. Kunin left a holographic will that did not mention or attempt to devise any interest in Isaak Kunin's pension accounts and did not have a residuary clause. At the time of her death, Mrs. Kunin was the designated beneficiary of the

---

[1]Defendant asserts that prior to this ceremonial marriage, a common law marriage between Isaak and Inessa Kunin was established on September 11, 1981. The Court need not address whether a fact issue exists on this question, however, because resolution of the issue only becomes relevant if Defendant has an interest in the pensions, and, as discussed *infra,* the Court concludes that he does not.

4

pension accounts.  The total value of the pension accounts at that time was apparently $280,273.63, consisting of $206,947.20 in the ORP account and $73,326.43 in the TDAP account.

Plaintiff brings this action pursuant to the Court's diversity jurisdiction under 28 U.S.C. § 1332[2] seeking a declaratory judgment that Dmitry Feofanov has no right to or interest in the two retirement pension accounts.  Defendant has filed a counterclaim seeking a declaration that he is entitled to a one-half interest in the accounts for all benefits that reflect earnings by Isaak Kunin during his marriage to Defendant's mother, Inessa Kunin.

## II. *Discussion*

Rule 56(c) provides that "[summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed.R.Civ.P. 56(c).  A party seeking summary judgment bears the initial burden of informing the district court of the basis for the motion, and identifying those portions of the pleading, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which the moving party believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106

_____

[2]Plaintiff alternatively alleges that federal question jurisdiction exists because the employee benefit pensions at issue are governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA").  As discussed *infra,* ERISA does not govern the pension accounts.

5

S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). The moving party has the burden of showing that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. *Willis v. Roche Biomedical Lab., Inc.,* 21 F.3d 1368, 1371 (5th Cir.1994).

Once the movant carries this burden, the burden shifts to the nonmovant to show that summary judgment should not be granted. *Celotex,* 477 U.S. at 323-26, 106 S.Ct. at 2553-54. A party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of his pleading, but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256-57, 106 S.Ct. 2505, 2514-15, 91 L.Ed.2d 202 (1986). Unsubstantiated or conclusory assertions that a fact issue exists will not suffice. *See Krim v. BancTexas Group, Inc.,* 989 F.2d 1435, 1442 (5th Cir.1993); *Thomas v. Price,* 975 F.2d 231, 235 (5th Cir.1992). The nonmovant "must adduce admissible evidence which creates a fact issue concerning the existence of every essential component of that party's case." *Krim,* 989 F.2d at 1442.

In considering a motion for summary judgment, the district court must view the evidence through the prism of the substantive evidentiary burden. *Anderson,* 477 U.S. at 254-56, 106 S.Ct. at 2513-14. All justifiable inferences to be drawn from the underlying facts must be viewed in the light most favorable to the party opposing the motion. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89

6

L.Ed.2d 538 (1986).  "If the record, viewed in this light, could not lead a rational trier of fact to find" for the nonmovant, summary judgment is proper.  *Kelley v. Price Macemon, Inc.,* 992 F.2d 1408, 1413 (5th Cir.1993), *cert. denied,* --- U.S. ----, 114 S.Ct. 688, 126 L.Ed.2d 656 (1994), *citing Matsushita,* 475 U.S. at 577-78, 106 S.Ct. at 1351.  On the other hand, if "the factfinder could reasonably find in [the nonmovant's] favor, then summary judgment is improper."  *Id., citing Anderson,* 477 U.S. at 249-51, 106 S.Ct. at 2511.

Finally, even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that "a better course would be to proceed to a full trial." *Anderson,* 477 U.S. at 255-56, 106 S.Ct. at 2514.  *Accord, Veillon v. Exploration Services, Inc.,* 876 F.2d 1197, 1200 (5th Cir.1989); 10A C. Wright, A. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 2728 (1983).

In his Motion for Summary Judgment, Plaintiff argues that the pension plans at issue in this case are governed by Title 8 of the Texas Government Code, and alternatively, that they are governed by the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001 *et seq.* ("ERISA").  ERISA does not apply, however, to an employee benefit plan if it is a "governmental plan," 29 U.S.C. § 1003(b), which is defined as "a plan established or maintained for its employees by the Government of the United States, by the government of any State or political subdivision thereof, or by any agency or instrumentality of any of the foregoing."  29 U.S.C. §

7

1002(32). It is undisputed that the University of Houston is an instrumentality of the State of Texas, *see* Tex.Educ.Code Ann. § 111 *et seq.* (Vernon 1991 & Supp.1995), and that the ORP and TDAP plans each constitute a "public retirement system," which is defined as "[a] continuing, organized program of service retirement, disability retirement, or death benefits for officers or employees of the state or a political subdivision, or of an agency or instrumentality of the state or a political subdivision and includes the optional program governed by Chapter 830." Tex.Gov't Code Ann. § 801.001(3) (Vernon 1994). Accordingly, the Court holds as a matter of law that ERISA does not preempt Texas law regarding the pension accounts at issue in this case. *See Roy v. Teachers Insurance and Annuity Association,* 878 F.2d 47 (2d Cir.1989); *Shirley v. Maxicare of Texas, Inc.,* 921 F.2d 565 (5th Cir.1991).

Section 804.101 of the Texas Government Code declares that "the death of a spouse of a member or retiree of a public retirement system to which this chapter applies shall terminate the interest of the ... spouse in that public retirement system." Plaintiff accordingly argues that summary judgment in his favor is warranted because his wife's death terminated any interest that she might have had in the pension accounts. Defendant has offered no argument or authority contradicting the express language of the statute. The Court concludes that the plain meaning and import of § 804.101 is that neither the estate nor heirs of a non-member spouse, upon the death of the non-member spouse, have an interest in or claim to the public retirement system benefits of the member

8

spouse.

In his Motion for Partial Summary Judgment and/or Partial Judgment on the Pleadings, however, Defendant argues that § 804.101 should be disregarded as violative of Art. 16, § 15 of the Texas Constitution, and, accordingly, Defendant should be permitted to take Inessa Kunin's community interest in the pension accounts pursuant to the Texas law of intestate succession. Tex.Prob.Code Ann. § 45 (Vernon Supp.1995). Art. 16, § 15 of the Texas Constitution provides:

> All property, both real and personal, of a spouse owned or claimed before marriage, and that acquired afterward by gift, devise or descent, shall be the separate property of that spouse; and laws shall be passed more clearly defining the rights of the spouses, in relation to separate and community property; ... and spouses may agree in writing that all or part of their community property becomes the property of the surviving spouse on the death of a spouse.

Defendant asserts that the first clause of Section 15 defines the category of separate property, and the last clause describes the exclusive means by which a survivorship right in community property may be created. Defendant claims that under § 804.101, a non-member spouse's recognized community property interest in a retirement plan is, without written consent of the non-member spouse, unconstitutionally recharacterized as the member spouse's separate property.

In a diversity case, the Court must strive to reach the decision that a Texas state court would reach. *Jackson v. Johns-Mansville Sales Corp.,* 781 F.2d 394, 396-98 (5th Cir.1986), *cert. denied,* 478 U.S. 1022, 106 S.Ct. 3339, 92 L.Ed.2d 743 (1986). The Court is aware of no published opinions addressing the

9

constitutionality of § 804.101 or its predecessor statute, Tex.Rev.Civ.Stat.Ann. 110B, § 78.001, and, indeed, has found no cases even citing either statute. In such a situation, the Court may consider "all available legal sources" in attempting to predict the course of the Texas Supreme Court.[3] *Jackson,* 781 F.2d at 398, *quoting* 19 C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4507, at 100-03 (1982).

In *Allard v. Frech,* 754 S.W.2d 111 (Tex.1988), *cert. denied,* 488 U.S. 1006, 109 S.Ct. 788, 102 L.Ed.2d 779 (1989), the Texas Supreme Court held that where no provision was made concerning the rights of a deceased, non-employee spouse in a private retirement plan, one-half of the plan benefits acquired during the marriage were properly included in the non-employee spouse's estate. The *Allard* Court declined judicially to adopt a terminable interest rule, whereby the non-employee spouse's pension interest would terminate at the death of either spouse. *Id.* at 114-15. The Court stated that "such matter is better left to the legislature." *Id.* at 115. Thereafter, the Texas Legislature enacted § 804.101, adopting a terminable interest rule to public retirement systems upon the death of the spouse of a member.[4]

_____

[3]One source not available to this Court is certification of the question to the Texas Supreme Court. Such a procedure is available only to appellate federal courts. Tex. Const. art. V, § 3-c.

[4]Defendant correctly notes that Justice Ray's concurring opinion in *Allard* suggests that even a terminable interest rule enacted by the Texas Legislature might violate Art. 16, § 15 of the Texas Constitution. *Id.* at 115-16 (Ray, J., concurring). The Court cannot conclude from a single justice's remark, made in a concurring opinion not joined by any other member of the Court,

10

Of additional significance in this case is the fact that § 804.101 involves a legislatively-created terminable interest rule for *public* pensions. Public pensions are wholly statutory creations. Texas law is clear that a person's property right in a public pension is subordinate to the state's power to determine to whom benefits are to be paid, to set conditions for receiving such benefits, to modify benefits paid, or to abolish the pension and accrued benefits altogether. *See City of Dallas v. Trammell,* 129 Tex. 150, 101 S.W.2d 1009, 1012-13 (1937); *Duckett v. Board of Trustees,* 832 S.W.2d 438, 441-42 (Tex.App.—Houston [1st Dist.] 1992, writ denied); *Lack v. Lack,* 584 S.W.2d 896 (Tex.Civ.App.—Dallas 1979, writ ref'd n.r.e.); *Cook v. Employee Retirement System of Texas,* 514 S.W.2d 329 (Tex.Civ.App.—Texarkana 1974, writ ref'd n.r.e.).

In *Lack,* the ex-wife of a deceased fireman asserted that she was entitled to death benefits payable from a public pension plan.[5] 584 S.W.2d 896. The *Lack* Court held that although contributions to the plan were made with the community funds of the fireman and his then wife, the right to receive benefits under the plan depended upon the provisions of the statute, which provided that "[u]pon the

_____

that the Texas Supreme Court would find § 804.101 unconstitutional. Moreover, *Allard* did not involve a *public* retirement plan. *See infra.*

[5]Although, *Lack* is a pre-*Allard* case, *Lack* remains good law relevant to the issues involved in this case because: (1) *Lack,* like the instant case and unlike *Allard,* involves a public pension plan, (2) *Allard* does not overrule *Lack,* and (3) *Duckett v. Board of Trustees,* 832 S.W.2d 438, 441-42 (Tex.App.—Houston [1st Dist.] 1992, writ denied), a post-*Allard* case, cites *Lack* approvingly and reaches its result.

11

remarriage of the widow, ... the pension shall cease." *Id.* at 899, *quoting* Tex.Rev.Civ.Stat.Ann. art. 6243a, § 10 (Vernon Supp.1977-78). Likewise, the provisions of Title 8 end a non-employee spouse's interest in a public pension plan upon his or her death.[6]

Defendant argues, though, that § 804.101 unconstitutionally recharacterizes community property of one spouse as separate property of the other spouse much like the statute at issue in *Arnold v. Leonard,* 114 Tex. 535, 273 S.W. 799 (1925). In *Arnold,* the Texas Supreme Court struck down as unconstitutional an Act of the Texas Legislature declaring that income earned from a wife's separate property remained her separate property. The Court held that the statute impermissibly expanded the wife's separate estate beyond the specific parameters of Art. 16, § 15 of the Texas Constitution, which limited a spouse's separate estate to pre-marriage property plus post-marriage property acquired by gift, devise or descent. Section 804.101, however, does not recharacterize community property as separate property but rather defines the non-member spouse's statutory property interest itself as one that terminates upon the death of such non-member spouse.

_____

[6]Section 804.101 does not terminate a non-member spouse's interest in a public retirement system upon divorce. Provided certain procedural requirements are met, Title 8 preserves the non-member ex-spouse's interest. Tex.Gov't Code Ann. § 804.003 (Vernon 1994). This divorce/death distinction made by the Texas Legislature is in keeping with the purpose of retirement benefits. *See Allard,* 754 S.W.2d at 119 (Spears, J., dissenting) ("At divorce, each spouse's needs for ongoing financial support continue, and thus, retirement benefits are properly divided between the spouses. By contrast, when the spouse of a retired employee dies, his or her need for financial support ends. The retired employee, however, continues to depend on retirement benefits for economic survival.") (citations omitted).

12

The non-member's statutorily-created property interest thus in effect is a life estate measured by the life of the non-member. Or, in other words, the condition precedent to a non-member spouse's interest in a public pension becoming fully choate is that the non-member spouse must be alive when the benefits are realized.

For the foregoing reasons, the Court concludes that § 804.101 of the Texas Government Code does not violate the Art. 16, § 15 of the Constitution of the State of Texas, that under the statute Inessa Kunin never acquired any interest in her husband's pension accounts that was capable of surviving her on death, and that no interest in Plaintiff's pensions passed to Defendant Dmitry Feofanov under the laws of Texas intestate distribution upon the death of Inessa Kunin.

### III. *ORDER*

For the foregoing reasons, it is ORDERED as follows:

1. Defendant/Counter Plaintiff Dmitry Feofanov's Motion for Partial Summary Judgment and/or Motion for Partial Judgment on the Pleadings (Document No. 16) is DENIED.

2. Plaintiff/Counter Defendant Isaak Kunin's Motion for Summary Judgment (Document No. 18) is GRANTED.

3. Because of the application of Title 8 of the Texas Government Code, Defendant/Counter Plaintiff Dmitry Feofanov has no right to or interest in Plaintiff/Counter Defendant Isaak Kunin's government pension plans and benefits held with Mutual Life Insurance Company of New York under the

Texas community property laws or the laws of intestacy of the

State of Texas.

The Clerk will enter this Order and send copies to all counsel of record.

SIGNED at Houston, Texas, this *15th* day of March, 1995.

/s/ Ewing Werlein, Jr.

    EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE