IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-50657
Summary Calendar

_____

JACOB A. MOORE; DORIS SPEED; BETTY COLE; BUENA COFFEE; GEORGE
STRIEGLER; MALCOLM REIMERS; ETZELL SULLIVAN; DOROTHY SULLIVAN;
GREGORIO GONZALEZ; MAGGIE LUNA; MAEDELL BEASLEY; GARA COWEN;
HOUSTON KENNEDY; PAULINE SHEFFIELD; SYBIL BROWN; ,ELPIDIO
BARRERA; MARY LUCILLE LAQUEY; ELLEN VIRGINIA MOORE; ALICE
REIMERS; IRENE GONZALEZ; GLENDON COWEN; MARY L. KENNEDY; PRESTON
V. BROWN; HORTENCIA G. BARRERA; YVONNA VICK MCCOMB,

                                        Plaintiffs-Appellants,

versus

UPTON COUNTY, TEXAS,

                                        Defendant-Appellee.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. MO-98-CV-150
--------------------
April 6, 2000

Before DAVIS, EMILIO M. GARZA and DENNIS, Circuit Judges.

PER CURIAM:[*]

        The plaintiffs, who are all retired employees or elected

officials of Upton County, Texas (the County), appeal the summary

judgment dismissal of their 42 U.S.C. § 1983 suit alleging that

the County violated their due process rights by terminating

supplemental medical insurance benefits for County retirees.  As

the plaintiffs had no vested property right in continuing to

_____

        [*] Pursuant to 5TH CIR. R. 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

receive insurance benefits from the County upon their retirement, we find no violation of their right to due process. <u>Kunin v. Feofanov</u>, 69 F.3d 59, 60 (5th Cir. 1995); <u>see</u> <u>City of Dallas v. Trammell</u>, 101 S.W.2d 1009, 1012-13 (Tex. 1937); <u>Board of Regents of State Colleges v. Roth</u>, 408 U.S. 564, 569-70 (1972). We reject the plaintiffs' implied-contract claims because the County is not bound by private promises made by individual County officials. <u>Jack v. State</u>, 694 S.W. 2d 391, 397 (Tex. App. 1985).

The plaintiffs do not suggest that the district court erred by entering summary judgment on their claims of fraud, equal protection, or a violation of the Age Discrimination in Employment Act; thus, they have abandoned those issues. <u>See</u> <u>Yohey v. Collins</u>, 985 F.2d 222, 223-24 (5th Cir. 1993) (28 U.S.C. § 2254 case); FED. R. APP. P. 28(a)(9)(A).

AFFIRMED.