**Jerome WILLIS**

v.

**SCHWARZ–PHARMA, INC.**

**NO. 9:11–CV–94**

United States District Court, E.D. Texas, Lufkin Division.

Signed July 23, 2014

Jeróme Willis, Richmond, TX, pro se.

Andrew J. Calica, Mayer Brown LLP, New York, NY, Kelly Ruth Kimbrough, Bowman and Brooke LLP, Austin, TX, Quinncy N. McNeal, Charles Stephen Kelley, Mayer Brown LLP, Houston, TX, for Schwarz–Pharma, Inc.

### ORDER ADOPTING REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

RON CLARK, United States District Judge

The Report and Recommendation of the Magistrate Judge, which contains his findings, conclusions, and recommendation for the disposition of this matter has been presented for consideration. The Report and Recommendation recommends that Shwarz–Pharma, Inc.'s Motion for Summary Judgment (Doc. No. 90) be granted. No objections have been filed to the magistrate judge's report and recommendation, and the time for doing so has passed.

The court finds that the findings and conclusions of the Magistrate Judge are correct and therefore, adopts the findings and conclusions as those of the court. Accordingly, it is

**ORDERED** that the Defendant Schwarz–Pharma Inc.'s Motion for Summary Judgment (Doc. No. 90) is **GRANTED,** and the claims against Defendant Schwarz–Pharma Inc. are **DISMISSED** with prejudice.

So **ORDERED** and **SIGNED** this 23 day of **July,** 2014.

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

ZACK HAWTHORN, United States Magistrate Judge

This case is assigned to the Hon. Ron Clark, United States District Judge, and was referred for pretrial matters to United States Magistrate Judge Zack Hawthorn on August 15, 2013, pursuant to General Order 13–13. This report and recommendation addresses Defendant Schwarz Pharma, Inc. N/K/A UCB, Inc.'s ("Schwarz") "Motion for Summary Judgment." (Doc. No. 90.) Because there is insufficient summary judgment evidence showing Willis ingested Reglan manufactured by Schwarz, and section 82.007 of the Texas Civil Practice and Remedies Code otherwise bars his claims, Schwarz's motion should be granted.

## I. Background Facts and Procedural History

Plaintiff Jerome Willis ("Willis"), proceeding *pro se*, brought a product liability suit in the 159th Judicial District Court of Angelina County, Texas on April 4, 2011, against co-defendant Alaven Pharmaceutical LLC for injuries he claims to have received as a result of using the drug, Reglan. (Doc. No. 4.) On May 25, 2011, Alaven removed the case to this court based upon diversity of citizenship and the amount in controversy exceeds $75,000.00. (Doc. No. 2.)

Willis asserts that doctors at Memorial Medical Center and Woodland Heights Medical Center prescribed Reglan to treat his gastroesophageal reflux disease (GERD) from June 2007 until March 2008, and Willis claims that he suffered severe chronic nerve damage, loss of muscle tissue, and loss of strength and range of motion in his right limb as a result of his long term use of the drug. (Doc. No. 4.) He states that the Defendant manufactured this drug and failed to warn him about its side effects, and that it was only approved for short term use of up to twelve weeks. (*Id.*) Willis also alleges a fraud claim based upon representations as to the number of adverse events relating to Reglan. In addition, he asserts various negligence claims and an implied warranty of fitness claim. (*Id.*)

On August 15, 2012, Willis filed an amended complaint adding Schwarz Pharma as a defendant with no additional factual allegations. (Doc. No. 46.)

On February 4, 2013, Judge Ron Clark entered an Order granting Alaven Pharmaceutical LLC's Motion for Summary Judgment. (Doc. No. 74.) Alaven alleged in its Motion for Summary Judgment that there was no evidence that Willis took brand-name Reglan manufactured or sold by Alaven. (Doc. No. 54.) The court agreed, and granted summary judgment because Willis had no evidence that Alaven manufactured, distributed, or supplied the product that allegedly caused his injuries. (Doc. No. 74.)

On August 23, 2013, Schwarz filed the "Motion for Summary Judgment" at issue (Doc. No. 90) asserting the same arguments. Schwarz asserts that it manufactured only brand-name Reglan tablets, and that it did not ever manufacture or sell the generic form of Reglan called Metoclopramide, in tablet or injectable form. (*Id.* at 11–12.) Schwarz argues that Willis's lawsuit should be dismissed because there is no evidence that Willis used a product manufactured by Schwarz, and a manufacturer cannot be held liable for injuries caused by another manufacturer's product. In addition, Schwarz contends that Willis's claims are barred by section 82.007(a) of the Texas Civil Practice and Remedies Code, which bars failure to warn claims against a manufacturer who distributed an FDA approved label with its product.

Willis filed a response stating that he took Metoclopramide in tablet and injectable form. (Doc. No. 96, p. 3.) He asserts that Schwarz is still liable for his injuries, because Schwarz was still receiving a percentage of the profits from the sale of Metoclopramide. *See Birchfield v. Texarkana Memorial Hosp.*, 747 S.W.2d 361 (Tex.1987). He also argues that Schwarz cannot invoke the presumption of non-liability under section 82.007(a) of the Texas Civil Practice and Remedies Code because it intentionally misled the FDA by withholding research data.

Schwarz filed a reply addressing Willis's arguments, and also three supplements of authority. (Doc. Nos. 97, 101, 102, 103.) Schwarz states that it sold the rights associated with brand-name Reglan tablets in 2008 and never held any rights associated

with its competitors' generic Metoclopramide. Schwarz also re-asserts its argument that Willis has failed to produce any evidence that he took a product manufactured or sold by Schwarz. Moreover, Schwarz argues that Willis's fraud claim, as an exception to section 82.007, is preempted by federal law because he has not shown evidence that the FDA itself has found fraud.

In Schwarz's First Notice of Supplemental Authority, it directs the court to *Lashley v. Pfizer, Inc.*, 750 F.3d 470, 473 (5th Cir.2014), in which the Fifth Circuit recently affirmed the district court's dismissal of the claims against Schwarz because the evidence showed that the plaintiff only used generic Metoclopramide manufactured by Schwarz's competitors—not Schwarz itself. (Doc. No. 101.) In Schwarz's second Notice of Supplemental Authority in Support of its Motion for Summary Judgment, it advises the court that the Fifth Circuit published *Lashley*, thereby giving it full precedential authority. (Doc. No. 102.) Finally, in its third Notice of Supplemental Authority in Support of its Motion for Summary Judgment, Schwarz informs the court that the Fifth Circuit recently decided another case—*Eckhardt v. Qualitest Pharmaceuticals*—following *Lashley* as precedent and making the same holding.

Willis filed a sur-reply and "concedes that Schwarz was not the manufacturer of the generic Metoclopramide injectable form." (Doc. No. 100, p. 2.) He also requests additional discovery to prove that Schwarz manufactured and sold Reglan tablets to the hospitals where he was treated.[1] (*Id.*) Moreover, he states that there is a genuine issue of material fact as to whether Schwarz provided adequate warnings to the learned intermediaries on its label for Reglan tablets. (*Id.*)

## II. Summary Judgment Standard

Summary judgment shall be rendered when the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. FED. R. CIV. P. 56(a). A dispute is genuine if the evidence is sufficient for a reasonable jury to return a verdict for the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). A fact is material when it is relevant or necessary to the ultimate outcome of the case. *Id.*

The movant has the burden to identify "each claim or defense—or the part of each claim or defense—on which summary judgment is sought." FED. R. CIV. P. 56(a). "If the dispositive issue is one on which the non-moving party will bear the burden of proof at trial, the moving party may satisfy its burden by merely pointing out that the evidence in the record contains insufficient proof concerning an essential element of the nonmoving party's claim." *Norwegian Bulk Transp. A/S v. Int'l Marine Terminals P'Ship*, 520 F.3d 409, 412 (5th Cir. 2008) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 325, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). The movant must support its assertion by "citing to particular parts or materials in the record, ... showing that

---

1. Willis has been given ample time for discovery on this issue. Product identification discovery, including all of the identified medical providers by Willis, was corrected in this case from March 2011 until August 2, 2012, prior to Schwarz being served. After Schwarz was added as a party to the case, Willis has not provided any further medical releases or medical records. (Doc. No. 99.) In addition, none of the evidence produced thus far shows that a hospital ever actually administered Reglan in tablet form to Willis. To the extent Willis moves for relief under Federal Rule of Civil Procedure 56(d), that request is denied for the preceding reasons.

the materials cited do not establish the ... presence of a genuine dispute, or [showing] that the adverse party cannot produce admissible evidence to support the fact." FED. R. CIV. P. 56(c)(1). The citations to the summary judgment evidence should be specific. *See Smith v. United States,* 391 F.3d 621, 625 (5th Cir.2004). Summary judgment must be denied when the movant fails to meet its initial burden, regardless of the nonmovant's response. *Little v. Liquid Air Corp.,* 37 F.3d 1069, 1075 (5th Cir.1994).

If the movant satisfies its burden, the burden then shifts to the nonmoving party to show that specific facts exist over which there is a genuine dispute. *Id.* (citing *Celotex,* 477 U.S. at 325, 106 S.Ct. 2548). Like the movant, the nonmovant must satisfy its burden through specific citations to the summary judgment evidence. *See* FED. R. CIV. P. 56(c)(1); *Smith,* 391 F.3d at 625. "If somewhere in the record there is evidence that might show a dispute of material fact, the district court needs to be pointed to that evidence as opposed to having to engage in an extensive search." *Hernandez v. Yellow Transp., Inc.,* 670 F.3d 644, 651 (5th Cir.2012). "Conclusory allegations, speculation, and unsubstantiated assertions are inadequate to satisfy the nonmovant's burden...." *Ramsey v. Henderson,* 286 F.3d 264, 269 (5th Cir. 2002) (quoting *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1429 (5th Cir. 1996)) (internal quotations omitted).

In considering the summary judgment evidence, "the court must draw all reasonable inferences in favor of the nonmoving party, and it may not make credibility determinations or weigh the evidence." *Reeves v. Sanderson Plumbing Prods.,* 530

U.S. 133, 150, 120 S.Ct. 2097, 147 L.Ed.2d 105 (2000). Summary judgment is proper only if the record, viewed in the light most favorable to the nonmovant, could not lead a rational trier of fact to find for the nonmovant. *Kunin v. Feofanov,* 69 F.3d 59, 61 (5th Cir.1995). Conversely, if the fact finder could reasonably find in favor of the nonmovant, summary judgment is improper. *Id.* "Finally, even if the standards of Rule 56 are met, a court has discretion to deny a motion for summary judgment if it believes that 'a better course would be to proceed to a full trial.'" *Id.* at 62 (quoting *Anderson,* 477 U.S. at 255–56, 106 S.Ct. 2505).

### III. Discussion

### A. *Product Liability Action Against a Brand–Name Drug Manufacturer*

#### 1. *Applicable Law*

*Lashley* is the leading authority for the issue in this case. It is a recently published Fifth Circuit case that involved a consolidated appeal of two district court cases: 1) Walter Lashley, the plaintiff from Mississippi; and 2) Maria Del Valle, the plaintiff from Texas. *Lashley v. Pfizer, Inc.,* 750 F.3d 470, 473 (5th Cir.2014).

The *Del Valle* plaintiff took generic Metoclopramide and sued the generic manufacturer, Teva, under several state tort theories[2], as well as Schwarz as a brand-name manufacturer for the same claims based upon its role in the promotion and manufacture of the drug. *Id.* at 473. The district courts granted summary judgment in favor of the brand-name manufacturers in both cases on the grounds that neither the *Lashley* nor *Del Valle* plaintiffs ever ingested their product, Reglan. *Id.* at 474.

---

**2.** The *Del Valle* plaintiff alleged state tort theories including negligence, gross negligence, strict liability, breach of warranty as to merchantability, breach of warranty as to fitness for a particular purpose, misrepresentation, fraud, DTPA, and suppression of evidence. *Lashley,* 750 F.3d at 474.

The Fifth Circuit affirmed the district courts' decisions stating that Texas and Mississippi product liability laws shield companies from liability for products they did not create, and there is no common law duty to a plaintiff that did not ingest the brand-name manufacturer's product. *Id.* at 477 (citing Miss Code Ann. § 11–1–63; Tex. Civ. Prac. & Rem. Code Ann. § 82.001(2)); *see also Firestone Steel Products Co. v. Barajas*, 927 S.W.2d 608, 614 (Tex.1996) ("A manufacturer generally does not have a duty to warn or instruct about another manufacturer's products, even though a third party might use those products in connection with the manufacturer's own product.... Under traditional products liability law, the plaintiff must prove the defendant supplied the product that caused the injury. It is not enough that the seller merely introduced products of similar design and manufacture into the stream of commerce.").

Just recently, in *Eckhardt v. Qualitest Pharmaceuticals,* following *Lashley,* the Fifth Circuit again affirmed the dismissal of tort claims against Schwarz. No.13–40151; 751 F.3d 674 (5th Cir.2014). Eckhardt alleged that as a result of his prolonged use of the drug Metoclopramide, he developed a severe neurological disorder. *Id.* Eckhardt brought various products liability and general tort claims (strict liability, breach of implied warranties, misrepresentation, negligence, fraud, and the Texas Deceptive Trade Practices Act) against the brand-name manufacturers (including Schwarz) and the generic manufacturers—who actually manufactured and sold the product that Eckhardt used. *Id.* Following *Lashley,* the Fifth Circuit held that Eckhardt's motion for summary judgment was proper as to the product liability claims against the brand-name manufacturers because Eckhardt did not ingest Schwarz's product, nor could she bring claims against Schwarz

based upon any "control" Schwarz may have exercised over the design of Metoclopramide. *Id.* As to Eckhardt's negligence claims alleging that brand-name manufacturers owe a duty to eventual consumers of the drugs they design, even if those consumers use a generic version of the drug, the Fifth Circuit held that summary judgment was proper because Texas does not recognize a duty to a consumer who uses a competitor's products. *Id.* The Court also dismissed the claims against the generic defendants as being preempted under *PLIVA, Inc. v. Mensing,* —— U.S. ——, 131 S.Ct. 2567, 2574, 180 L.Ed.2d 580 (2011). *Id.*

Similarly, in *Cousins v. Wyeth,* the district court granted summary judgment in favor of Schwarz. No. 3:08–CV–0310–N, 2009 WL 648703, at \*2 (N.D.Tex. March 10, 2009). The plaintiff argued that there was a genuine issue of material fact because her medical records showed notes from her doctor that mentioned Reglan. *Id.* at \*1. The court stated that it was unclear as to whether the mentioning of Reglan was coming from the doctor, the plaintiff, or from a third party, and also whether it was connected to the act of prescribing that drug as opposed to generic Metoclopramide. *Id.* Ultimately, the court held that "even if the references were to a prescription for Reglan, instead of the generic, there is no evidence that any pharmacist actually filled a prescription for Cousins with Reglan instead of the generic .... these ambiguous notations of 'Reglan,' without anything more, are insufficient to raise a genuine issue of material fact." *Id.* On the other hand, Schwarz submitted unrebutted documentary evidence that Cousins had prescriptions filled exclusively with the generic Metoclopramide. *Id.* In addition, Cousins sought recovery against Schwarz on the grounds that as a manufacturer of brand-name Re-

glan, Schwarz is responsible for the warnings and information distributed by manufacturers of generic Metoclopramide even though it did not manufacture the drugs she ingested. *Id.* at *2. The court rejected this claim because Schwarz owed no legal duty to a plaintiff that never used the drug that it manufactured. *Id.*

In *Finnicum v. Wyeth, Inc.*, 708 F.Supp.2d 616, 621–622 (E.D.Tex.2010) (Crone, D.J.), summary judgment was granted in favor of Wyeth and Schwarz, manufacturers of Reglan, where the plaintiff alleged a failure to warn claim based on her ingestion of the generic drug, Metoclopramide, manufactured by another company. The court held that under Texas law, the brand-name manufacturers had no duty to warn consumers of dangers posed by a generic drug that was manufactured by a different company. *Id.; see also Hardy v. Wyeth, Inc.*, No. 9:09–CV–152, 2010 WL 1222183 (E.D.Tex. March 29, 2010) (Crone, D.J.).

### 2. *Evidence Submitted*

Schwarz manufactured, distributed, and sold Reglan oral tablets from 2001 to 2008, then sold those rights to Alaven, but continued to manufacture Reglan tablets for Alaven until June of 2009. (Doc. No. 90, Ex. A, ¶ 2.) Schwarz only manufactured the tablet form of brand-name Reglan—it never manufactured, distributed, or sold the injectable form of brand-name Reglan or any formulation (tablet or injectable) of generic Metoclopramide. (Doc. No. 90, Ex. A, ¶ 3.)

The medical evidence submitted by Schwarz shows that Reglan is mentioned in Willis's records, but there is no evidence showing that Willis *actually ingested Reglan oral tablets manufactured by Schwarz.* However, the records do seem to indicate that he was given the injectable form of generic Metoclopramide during his stay at the hospital in 2007, which was manufactured by a different company. Below is a brief summary of the summary judgment evidence provided by the parties.

On April 22, 2007, Memorial Medical Center records indicate a plan to "start Reglan." However, Willis walked out of the hospital against medical advice on April 24, 2007. The notes state he should have "Reglan IV" every 6 hours. On the Medication Transfer Profile, which lists his medications for this visit, it indicates ten milligrams of Metoclopramide injections into the vein every 6 hours with Reglan noted in parenthesis. The Medication Administration Record also states Metoclopramide injections were administered at ten milligrams. In addition, the billing record lists three entries for Metoclopramide injections given on April 22nd and April 23rd.

On May 22, 2007, a Memorial Hospital record states that Willis was prescribed Reglan oral tablets upon discharge, but there is no record of him filling the prescription.

On June 6, 2007, a record states that Willis was taking "Reglan(?) ?mg" by mouth prior to admission to Memorial Hospital. With the question mark written then struck out, it appears there was some uncertainty as to what he was actually taking the drug in brand-name or generic form.

On July 10, 2007, a Woodland Heights Medical Center emergency record states that Willis takes ten milligrams of Reglan daily, and notes that the "patient states he needs required documentation from a doctor to take back to clinic so they will renew his Rx for Reglan." However, there is no evidence that Willis had any prescriptions for brand-name Reglan.

On August 8, 2007, a Woodland Heights Medical Center emergency room report

states that Willis was taking ten milligrams of Reglan by mouth twice daily. Again, it is unknown whether he was actually taking the drug Reglan or the generic form, because his prescription records do not indicate either drug.

On October 9, 2007, an emergency nursing record from Memorial Health Hospital indicates that Willis was on no medications. It states that he was given injectable Reglan by IV; however, the medication administration record and the hospital bill show an entry for Metoclopramide injectable solution as opposed to brand-name Reglan.

On March 28, 2008, a Woodland Heights Medical Center consultation record notes that Willis had not been taking any medications, but he was supposed to be on Reglan. The doctor notes in his plan that they would continue Reglan. However, on his discharge medication reconciliation orders, neither Reglan nor Metoclopramide is listed. The doctor did note that Willis "states [he] gets medication from [the] health dept. [H]ealth dept denies having given him any medication. [The] state saw [him] on 3/13 and sent him to er. [He] was to follow up, [but] never has."

On September, 2011, a record from the University of Texas Medical Branch states that Willis told them that he thought his muscle twitches could be a result of the Reglan he was on a year ago.

Willis produced a purchase history report from Memorial Medical Center of Lufkin for 2007, which shows that the hospital purchased Metoclopramide—not brand-name Reglan manufactured by Schwarz according to the national drug code numbers. (*See* Doc. No. 86, p. 3; Doc No. 90, p. 11.)

Finally, Willis's prescription records from the Medicine Shoppe and Walmart Pharmacy do not show prescriptions filled for either Reglan or generic Metoclopramide.

### 3. *Analysis*

■ As Judge Guthrie previously held in this very case:

Plaintiff's medical and pharmacy records do not show that Plaintiff took brand-name Reglan manufactured or sold by Alaven. At most, there is a single entry in Plaintiff's medical records on March 29, 2008, stating that Plaintiff was supposed to be on Reglan, but had not been taking any medications, and that there was a plan for him to continue with Reglan. No evidence shows or would support a finding of Plaintiff actually receiving or taking brand-name Reglan manufactured or sold by Alaven.

Simply put, Texas law does not impose product liability upon a defendant that did not supply the product that allegedly caused a plaintiff's injuries. *See Firestone Steel Products Co. v. Barajas*, 927 S.W.2d 608, 614 (Tex.1996); *Gaulding v. Celotex Corp.*, 772 S.W.2d 66, 68 (Tex. 1989); *Sanchez v. Liggett & Myers, Inc.*, 187 F.3d 486, 491 (5th Cir.1999). Similarly, when faced with the issue of whether a pharmaceutical company can be held liable on a failure-to-warn claim asserted by a plaintiff who ingested another manufacturer's generic drug, district courts have held that Texas law precludes the imposition of liability against either Wyeth or Schwarz.

*Willis v. Alaven Pharmaceutical, LLC,* No. 9:11CV94, 2013 WL 414514, at *3 (E.D.Tex. January 8, 2013). As discussed above, since the previous ruling in this case, the Fifth Circuit has made the same rulings on these issues—there is no liability for a product a manufacturer did not create, and there is no common law duty to a plaintiff that did not ingest the brand-name manufacturer's product. *Lashley,* 750 F.3d at 477; *Eckhardt,* 751 F.3d at

682. In addition, the district court in *Cousins* held that "ambiguous notations of 'Reglan,' without anything more, are insufficient to raise a genuine issue of material fact." 2009 WL 648703, at *1.

■ Willis has failed to produce summary judgment evidence showing that he ingested brand-name Reglan manufactured or sold by Schwarz. While some of the summary judgment evidence indicates Willis informed the medical staff he was taking "Reglan," this is simply insufficient to show he was taking brand-name Reglan as opposed to its generic form. Willis admits in his motion for leave to file an amended complaint (Doc. No. 86) that Schwarz did not have any association with brand-name Reglan or Metoclopramide injectable solution, which was what he was injected with at the hospital. As such, Schwarz's motion for summary judgment should be granted.

## B. *Texas Civil Practice and Remedies Code Section 82.007(a)*

Even if Willis produced enough evidence to raise a genuine issue of material fact as to his use of Schwarz's product, Willis's claims are still barred by Section 82.007 of the Texas Civil Practice and Remedies Code. "Under Texas law, a drug manufacturer enjoys a rebuttable presumption that it is not liable for failure to warn [claims] if the FDA has approved 'the warnings or information' accompanying the product alleged to have harmed the plaintiff." *Lofton*, 672 F.3d at 374 (quoting TEX. CIV. PRAC. & REM.CODE § 82.007(a)(1)). That presumption can be rebutted if: 1) the defendant withheld or misrepresented to the FDA information regarding the product; 2) the product was sold or prescribed by the defendant after an order by the FDA to remove the product from the market; 3) the defendant recommended, promoted, or advertised the product for an indication not approved by the FDA and the claimant was injured as a result; 4) the defendant prescribed the product for an indication not approved by the FDA and the claimant was injured as a result; or 5) the defendant violated 18 U.S.C. § 201, and such violation caused the warnings or instructions approved for the product to be inadequate. TEX. CIV. PRAC. & REM.CODE § 82.007(b).

In *Lashley*, the Fifth Circuit held that the "warnings or information" on the Schwarz brand-name defendant's label was approved by the FDA, so the rebuttable presumption under section 82.007 of the Texas Civil Practice and Remedies Code applies to bar liability. 750 F.3d at 478 (citing *Lofton v. McNeil Consumer & Specialty Pharm.*, 672 F.3d 372, 374 (5th Cir. 2012)). The plaintiff nevertheless argued that the Schwarz brand-name defendant lost their presumption of non-liability because of fraud perpetrated on the FDA; however, the court held that the FDA has not made such a finding, so the presumption of non-liability remained intact. *Lashley*, 750 F.3d at 478.

■ As the plaintiff did in *Lashley*, Willis argues that the presumption is inapplicable because Schwarz misled the FDA by withholding research data. However, Willis has not provided any specific evidence to support that allegation nor any evidence that the FDA has made such a finding. In order to rely on the fraud exception, the plaintiff must show that the FDA itself has found fraud. *Lofton*, 672 F.3d at 380. Because the Reglan tablets manufactured, distributed, and sold by Schwarz were accompanied by an FDA approved label.(Ex. A, ¶ 4–5), and there is no evidence that the FDA has made a finding of fraud against Schwarz, the presumption of non-liability remains for Schwarz and summary judgment is proper.

### IV. Recommendation

For the reasons stated above, Schwarz's "Motion for Summary Judgment" (Doc. No. 90) should be granted, and the Plaintiff's claims should be **DISMISSED** with prejudice.

### V. Objections

Pursuant to 28 U.S.C. § 636(b)(1)(c), each party to this action has the right to file objections to this report and recommendation. Objections to this report must: (1) be in writing, (2) specifically identify those findings or recommendations to which the party objects, and (3) be served and filed within fourteen (14) days after being served with a copy of this report. *See* 28 U.S.C. § 636(b)(1)(c) (Supp. IV 2011); Fed.R.Civ.P. 72(b)(2). A party who objects to this report is entitled to a *de novo* determination by the United States District Judge of those proposed findings and recommendations to which a specific objection is timely made. *See* 28 U.S.C. § 636(b)(1); Fed R. Civ. P. 72(b)(3). A party's failure to file specific, written objections to the proposed findings of fact and conclusions of law contained in this report, within fourteen (14) days of being served with a copy of this report, bars that party from: (1) entitlement to de novo review by the United States District Judge of the findings of fact and conclusions of law, *see Rodriguez v. Bowen,* 857 F.2d 275, 276–77 (5th Cir.1988), and (2) appellate review, except on grounds of plain error, of any such findings of fact and conclusions of law accepted by the United States District Judge, *see Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–29 (5th Cir.1996) (en banc).

SIGNED this 26th day of June, 2014.