**The Honorable John STREET, Judge, 352nd Judicial District Court, Relator,**

v.

**The HONORABLE SECOND COURT OF APPEALS, Respondent.**

No. C–7345.

Supreme Court of Texas.

July 6, 1988.

Rehearing Denied Oct. 5, 1988.

Wallace Craig, Wallace Craig & Associates, Bill Waltrip, Clint Oldham, Binion & Oldham, Fort Worth, for relator.

Lancaster Smith, Sr., Dallas, Harvey L. Davis, Austin, for respondent.

## OPINION

PHILLIPS, Chief Justice.

The question presented is when an underlying tort action becomes final so that a defendant may institute a *Stowers* action against its insurer. We hold that the trial court did not abuse its discretion in refusing to abate the insured's *Stowers* action, together with certain interventions, merely because the underlying tort action was still pending on appeal. Therefore, we conditionally order the court of appeals to vacate its conditional writ of mandamus directing the trial court to abate all causes of action against the insurer.

The underlying lawsuit arose out of a collision in 1984 between a gravel truck operated by Ben Howard and an automobile operated by Arthur Riley. Riley and his wife, Ramona, brought suit against Howard and his employer, Fincher Brothers, Inc. The Rileys settled with Fincher Brothers while the jury was deliberating, but no settlement was made with Howard. Based on the jury's verdict, the trial court, the Honorable John Street, judge presiding, rendered judgment for the Rileys against Howard for $3,582,499.78. Howard's appeal from this judgment is currently pending before the Second Court of Appeals.

Howard thereafter brought an action against National County Mutual Fire Insurance Company, his insurance carrier, under the doctrine established in *G.A. Stowers Furniture Co. v. American Indemnity Co.*, 15 S.W.2d 544 (Tex.Comm'n App.1929, holdings approved), for negligent failure to settle the insurance claim against him. National County Mutual filed a plea in abatement, alleging that a *Stowers* suit may not be maintained until all appeals have been concluded in the original tort action. Fincher Brothers subsequently intervened in the *Stowers* suit, alleging breach of duty by National County Mutual

as its own insurer and seeking to enforce a hold harmless agreement allegedly executed by Howard in favor of Fincher Brothers. The Rileys also intervened in the second action as judgment creditors. National County Mutual filed pleas in abatement as to both these interventions as well. Judge Street, again presiding, denied all three pleas in abatement. The Second Court of Appeals conditionally granted National County Mutual's petition for writ of mandamus and prohibition, conditionally ordering Judge Street "to abate the underlying case pending the appeal of the original tort action."

In this action, Judge Street, as relator, seeks a writ of mandamus compelling the Second Court of Appeals to vacate its conditional writ. The real parties in interest are alleged to be Howard and his attorney, Bill Waltrip, Fincher Brothers and its attorney, Clint Oldham, and the Rileys and their attorney, Wallace Craig. The respondent is the Second Court of Appeals, with National County Mutual interested in upholding the conditional writ of mandamus.

█ A writ of mandamus will not issue except to correct a clear abuse of discretion or the violation of a duty imposed by law when there is no adequate remedy by appeal. *State v. Walker*, 679 S.W.2d 484, 485 (Tex.1984). A court of appeals, therefore, abuses its discretion by granting mandamus when there is an adequate remedy by appeal of the incidental rulings of the trial judge. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985). To ascertain whether the court of appeals has abused its discretion, we must make our own "independent inquiry whether the trial court's order is so arbitrary, unreasonable, or based upon so gross and prejudicial an error of law as to establish abuse of discretion." *Johnson*, 700 S.W.2d at 918. Because the real parties in interest have different postures, it is necessary to review each affected party separately.

█ As to Fincher Brothers, it is readily apparent that the trial judge acted correctly in denying the plea in abatement. Having settled at trial, Fincher Brothers

was not a party to any appeal as either an appellant or appellee. Whatever cause of action it may have against National County Mutual has already accrued.

As to Howard, the correct result is not so clear. This court has held that a *Stowers* cause of action does not accrue until the judgment in the underlying case becomes final. *Hernandez v. Great American Ins. Co.*, 464 S.W.2d 91, 95 (Tex.1971); *Linkenhoger v. American Fidelity & Casualty Co.*, 152 Tex. 534, 539, 260 S.W.2d 884, 887 (Tex.1953). But the term "final," as applied to judgments, has more than one meaning. As Chief Justice Tunks explained in *McWilliams v. McWilliams*, 531 S.W.2d 392, 393–94 (Tex.Civ.App.—Houston [14th Dist.] 1975, no writ):

> The term 'final judgment' applies differently in different contexts. A judgment is 'final' for purposes of appellate jurisdiction if it disposes of all issues and parties in a case. [Citation omitted.] The term 'final judgment' is also used with reference to the time when trial or appellate court power to alter the judgment ends, or when the judgment becomes operative for the purposes of res judicata. [Citation omitted.]

> 'Final judgment' also applies when a judgment operates to finally vest rights as between the parties. In that context a decree appealed from by supersedeas ... does not become final or effective until the case is disposed of on appeal. [Citations omitted.]

In the past, this court has used the latter sense of finality in determining when a *Stowers* cause of action accrued. In *Linkenhoger*, for instance, the suit was tried in 1948, but an appeal was taken and writ of error was not refused by this court until September 20, 1949. This court held that a suit filed on September 6, 1951, was within the two year statute of limitations. We explained:

> The petitioner, Linkenhoger, could not have maintained this present suit until such time as his liability and the extent thereof had been determined by a final judgment in the former case. Until then his rights had not been invaded by re-

spondent's failure to accept the terms of settlement offered and the tort was not complete.

> We sustain the petitioner's point and hold that limitation did not begin to run in any event until the judgment in the former case became final and, therefore, that this cause of action is not barred by the two-year statute of limitation.

152 Tex. at 539, 260 S.W.2d at 887.

■ The court's opinion in *Linkenhoger* was overruled in part by *Hernandez*, when this court held that a *Stowers* action accrued when the judgment against the insured became final rather than when the insured actually made an excess payment to the original plaintiff. 464 S.W.2d at 95. Today, we further overrule *Linkenhoger* in part to hold that a judgment is final for the purposes of bringing a *Stowers* action if it disposes of all issues and parties in the case, the trial court's power to alter the judgment has ended, and execution on the judgment, if appealed, has not been superseded. We believe this rule is most consistent with the ends of justice. A judgment which is not superseded can, of course, be executed upon regardless of its appellate status. TEX.R.APP.P. 40(a)(5). Thus, the insured remains at risk. The injustice is readily apparent if the insurer can leave the insured exposed to collection of the judgment during the pendency of an appeal, while simultaneously preventing the insured from pursuing a *Stowers* action for redress against the company. We cannot ignore the economic ramifications of an outstanding judgment on any judgment debtor's financial position. As this court explained in adopting the judgment rule:

> The judgment injures [the Stowers claimant even] while it remains unpaid. His credit is affected. A lien attaches to his land. His non-exempt property is constantly subject to sudden execution and forced sale. He is entitled to relief from the harm if it is the fault of the tortfeasor.

*Hernandez*, 464 S.W.2d at 94. *See also Montfort v. Jeter*, 567 S.W.2d 498, 500 (Tex.1978).

Our holding is a logical extension of our recent decision in *Scurlock Oil Co. v. Smithwick*, 724 S.W.2d 1 (Tex.1986). There we adopted the Rule of the Restatement (Second) of Judgments § 13, holding that a trial court judgment is final for the purposes of issue preclusion or collateral estoppel despite the pendency of an appeal, unless that appeal, in fact, constitutes a trial de novo.

■ National County Mutual also contends that Howard cannot maintain his *Stowers* suit while the underlying case is on appeal because of the "no action" clause in Howard's insurance policy. The "no action" clause states:

No action shall lie against the company unless, as a condition precedent thereto, there shall have been a full compliance with all the terms of this policy, nor until the amount of the insured's obligation to pay shall have been *finally determined* either *by judgment* against the insured *after actual trial* or by written agreement of the insured, the claimant and the company. (Emphasis added.)

National County Mutual interprets the above provision as constituting a contractual obligation that Howard shall bring no action against National until the amount of the insured's obligation to pay is finally determined. We recognize the validity of such a provision, but we find that it supports our holding. The phrase, "by judgment ... after actual trial" defines the meaning of "finally determined" as used in this clause. Under the terms of the "no action" clause, therefore, the trial court's rendition of judgment against Howard in the suit by the Rileys was a judgment after actual trial sufficient to constitute a final determination of Howard's liability. Thus, the conditions set forth in the "no action" clause of Howard's insurance policy have been satisfied.

■ Despite our holding today, we reaffirm the decision of *Linkenhoger* that the statute of limitations will not begin to run until all appeals have been exhausted. Regardless of whether the judgment is superseded, an insured who so wishes may still wait until the underlying action has been completely resolved before bringing a *Stowers* suit. No valid public policy is served by forcing an insured to bring an action which may ultimately prove unnecessary. In this respect, the result we reach today is similar to that we announced in *Arnold v. National Mutual Fire Ins. Co.*, 725 S.W.2d 165 (Tex.1987). There, we held that limitations on an insured's cause of action for breach of the insurer's duty of good faith and fair dealing did not begin to run until the underlying contract claims are finally resolved. We expressly recognized, however, that "when possible" the breach of duty claim could be tried together with the underlying contract claim. 725 S.W.2d at 168 n. 1.

Moreover, we express no opinion as to whether, under particular facts, a trial court might in some instances have the authority to abate such a suit until all appeals are exhausted. Certainly, it is within the sound discretion of the trial court to regulate discovery and the setting of trial to advance the ends of justice.

The rationale behind our holding is not so compelling with regard to the Rileys. In the interest of judicial economy, however, we see no harm in allowing them to intervene in a properly brought suit.

We expect that the Second Court of Appeals will vacate its conditional writ of mandamus ordering the Honorable John Street to abate all causes of action against National County Mutual. Should it fail to do so, the clerk of the Supreme Court is directed to issue the writ of mandamus.

GONZALEZ, J., concurs.

CULVER, J., concurs and dissents.

GONZALEZ, Justice, concurring.

I concur in the result only. In my opinion, the majority has written a wholly unnecessary treatise in what is properly a very simple case.

The sole question for our determination is whether the court of appeals abused its discretion in issuing a conditional writ of mandamus against the trial judge. Mandamus will not lie if there exists an adequate remedy by appeal. *Abor v. Black*, 695

S.W.2d 564, 566–67 (Tex.1985). A court of appeals, therefore, abuses *its* discretion in granting mandamus when there is an adequate remedy by appeal of the incidental rulings of the trial judge. *Johnson v. Fourth Court of Appeals*, 700 S.W.2d 916, 917 (Tex.1985). A trial court's denial of a plea in abatement is subject to the ordinary remedy of appeal. *Abor*, 695 S.W.2d at 567; *Pope v. Ferguson*, 445 S.W.2d 950, 954 (Tex.1969). Accordingly, I would hold only that the court of appeals abused its discretion in granting mandamus because National County Mutual has an adequate remedy by appeal.

CULVER, Justice, concurring and dissenting.

I agree with the court's opinion that, as to the settling Fincher Brothers, whatever cause of action they may have against National County Mutual is accrued.

However, I disagree with the holding that, as to Howard, his *Stowers* suit should not be abated. The court's opinion states the statute of limitation rule in *Linkenhoger v. American Fidelity & Casualty Co.*, 152 Tex. 534, 260 S.W.2d 884 (Tex.1953) remains viable and that, regardless, "an insured who so wishes may still wait until all appeals have been exhausted before being required to bring suit." I see no reason to treat a *Stowers* litigant differently from any other plaintiff. The court's opinion gives no reason for allowing this type of litigant two bites at the apple. As the holding states, "[n]o valid public policy is served by forcing an insured to bring an action which may ultimately prove unnecessary."

Judicial economy would best be served by abating the *Stowers* cause until the underlying case is a final judgment.