**GULF INSURANCE COMPANY,**
Appellant,

v.

**Rufus B. CLARKE, Appellee.**

No. 01–94–01022–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

June 15, 1995.

Rehearing Overruled July 6, 1995.

William Book, Dimitri Zgourides, Houston, for appellant.

Glenn H. Devlin, Houston, Vincent L. Marable, III, Wharton, for appellee.

Before OLIVER–PARROTT, C.J., and HEDGES and ANDELL, JJ.

## OPINION

ANDELL, Justice.

In this appeal from a $1,890,000 summary judgment rendered in favor of appellee, Rufus B. Clarke, this Court is required to determine when a judgment against an insured becomes final for purposes of instituting a third-party beneficiary action against an insurance carrier. We hold that the judgment is final once the trial court's plenary power to alter the judgment has expired and execution on the judgment, if appealed, has not been superseded. We affirm the trial court's judgment.

### I. FACTS AND PROCEDURAL POSTURE

In 1990, Clarke sued Commercial Insulators, Inc. (Commercial), for personal injuries allegedly sustained by him as a result of Commercial's negligence. After a jury trial, the trial court rendered judgment in Clarke's favor in September 1993. Commercial perfected an appeal of this judgment that is currently pending in the Fourteenth Court of Appeals. No supersedeas bond was posted to suspend execution on the judgment pending the outcome of the appeal.

Commercial subsequently filed for bankruptcy under chapter seven of the United States Bankruptcy Code, and the proceedings in the Fourteenth Court of Appeals were automatically stayed. *See* 11 U.S.C. § 362 (1988). On March 9, 1993, Clarke obtained a lift of the automatic stay to proceed against any applicable insurance proceeds. Specifically, Commercial held a $1,000,000 policy issued by Gulf. When Gulf refused to pay, Clarke filed suit seeking to recover under the policy as a third-party beneficiary. Clarke then filed a motion for summary judgment in which he alleged that he held a final judgment against Gulf's insured, Commercial, and was, therefore, a third-party beneficiary of the insurance policy and entitled to the insurance proceeds to satisfy a portion of the judgment. The trial court granted the motion for summary judgment, and Gulf now appeals. Gulf maintains that since an appeal of the underlying judgment is still pending, any direct action against Gulf is premature and, therefore, the summary judgment was improper.

### II. SUMMARY JUDGMENT STANDARD OF REVIEW

Summary judgment is proper only when the movant shows that there is no genuine issue of material fact and that it is entitled to judgment as a matter of law. *Nixon v. Mr. Property Management Co.*, 690 S.W.2d 546, 548 (Tex.1985); TEX.R.CIV.P. 166a(c). In deciding whether there is a disputed material fact issue precluding summary judgment, evidence favorable to the non-movant will be taken as true. *Nixon*, 690 S.W.2d at 548–49. Every reasonable inference must be indulged in favor of the non-movant and any doubts resolved in its favor. *Id.*

### III. WAIVER

In its response to Clarke's motion for summary judgment, Gulf noted that it had filed a motion in the underlying suit requesting the court to allow it to post a supersedeas bond in an amount less than the full judgment. Gulf argued that since it was only liable for the $1,000,000 policy limit, it should be allowed to post a supersedeas bond in that amount to suspend execution on the entire $1,890,000 judgment pending the outcome of

the appeal.[1] Gulf stated that if the trial court reduced the bond amount, it would immediately post the supersedeas bond and Clarke's motion would, therefore, be moot. No other arguments or issues were presented in Gulf's response.

In its motion for new trial and on appeal, however, Gulf asserts that the trial court could not render summary judgment in Clarke's favor because Gulf is not "legally obligated" to pay Clarke until all appeals have been exhausted on the underlying judgment. Since this argument was not presented in Gulf's response to Clarke's motion for summary judgment, Clarke asserts that Gulf has waived the point on appeal.

■■■■ "Issues not expressly presented to the trial court by written motion, answer, or other response shall not be considered on appeal as grounds for reversal." TEX. R.CIV.P. 166a(c); *City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 676 (Tex. 1979); *Dickey v. Jansen*, 731 S.W.2d 581, 583 (Tex.App.—Houston [1st Dist.] 1987, writ ref'd n.r.e.). The non-movant must expressly present to the trial court any reason that would defeat the movant's right to summary judgment in its response to the motion for summary judgment. *McConnell v. Southside Indep. Sch. Dist.*, 858 S.W.2d 337, 343 (Tex.1993); *Marchal v. Webb*, 859 S.W.2d 408, 417–18 (Tex.App.—Houston [1st Dist.] 1993, writ denied). Any issue not presented in the response cannot be later raised on appeal. *Clear Creek*, 589 S.W.2d at 678; *Duckett v. Board of Trustees*, 832 S.W.2d 438, 440 (Tex.App.—Houston [1st Dist.] 1992, writ denied). Notwithstanding this general rule, a motion for summary judgment cannot be granted by default; the movant is still required to establish its entitlement to a summary judgment as a matter of law. *Clear Creek*, 589 S.W.2d at 678. Therefore, the non-movant does not need to file an answer or response to the motion to contend on appeal that the grounds presented to the

trial court in the movant's motion are insufficient as a matter of law. *Id.*

Here, Clarke's motion for summary judgment alleged that he held a final judgment against Commercial, Gulf's insured. Gulf contends that the proof attached to Clarke's motion showed that the underlying judgment was currently on appeal, and therefore, not final. Since Gulf's argument is that the evidence attached to Clarke's motion was legally insufficient to prove Clarke's right to recover as a matter of law, Gulf may raise this issue on appeal even though it did not advance the finality argument in its response to Clarke's motion for summary judgment. *Clear Creek*, 589 S.W.2d at 678; *Duckett*, 832 S.W.2d at 440.

## IV. FINALITY OF THE JUDGMENT

■■■■ Clarke's cause of action rests upon his status as a third-party beneficiary of the insurance policy issued to Commercial by Gulf. *See, e.g., Paragon Sales Co. v. New Hampshire Ins. Co.*, 774 S.W.2d 659, 660 (Tex.1989). Section IV(3)(b) of the insurance policy provides: "a person or organization may sue us to recover on an agreed settlement or *a final judgment* against an insured obtained *after an actual trial*." (Emphasis added). The issue the Court faces in this appeal is whether an underlying judgment is "final" if it is currently pending on appeal.

It is well-established that when such a "no action" clause exists, a third party's cause of action against the insurer accrues when he either secures an agreed settlement or actually obtains a judgment against the insured. *See, e.g., Getty Oil Co. v. Insurance Co. of N. Am.*, 845 S.W.2d 794, 801 (Tex.1992) (quoting *Great Am. Ins. Co. v. Murray*, 437 S.W.2d 264, 265–66 (Tex.1969)). However, no Texas court has dealt with the issue of whether a third party can bring suit prior to the exhaustion of all appellate remedies on the underlying judgment.

---

1. Gulf concedes that TEX.CIV.PRAC. & REM.CODE ANN. § 52.002 (Vernon Supp.1995) provides that a supersedeas bond may not be set in an amount less than the full amount of the judgment in a personal injury action. In its response to Clarke's motion for summary judgment, however, Gulf argued that requiring it to post a bond

covering the entire $1,890,000 judgment would, in effect, require Gulf to gratuitously increase the limits of Commercial's insurance policy. The motion to reduce the amount of the supersedeas bond was filed in the case between Clarke and Commercial. The issue is, therefore, irrelevant to this appeal.

In a 1986 landmark case, the Texas Supreme Court adopted the rule of section 13 of the Restatement (Second) of Judgments and held that for *res judicata* and collateral estoppel purposes, judgments become final once the trial court loses plenary power over the judgment, regardless of whether the judgment is appealed. *Scurlock Oil Co. v. Smithwick*, 724 S.W.2d 1, 6 (Tex.1986). The rationale was predicated on the fact that if issue and claim preclusion were not effective until all avenues of appeal were exhausted, "the victor in the first suit [would have] little incentive to go to trial in a subsequent suit, and the first suit loser [would have] every reason to procrastinate on appeal. Moreover, the waste of judicial time in relitigating already decided issues is apparent." *Id.* In *Street v. Second Court of Appeals*, 756 S.W.2d 299, 300 (Tex.1988), the *Scurlock* finality principle was logically extended to apply to a *Stowers*[2] action brought by an insured against its own insurance company.

In *Street*, a third party obtained a judgment against an insured for personal injuries. While that judgment was on appeal, the insured brought a *Stowers* action against his insurance company for negligent failure to settle the insurance claim against him. The insurance company sought to abate the *Stowers* action until all appeals were exhausted on the underlying judgment. When the trial court refused to abate the suit, the insurance company sought a writ of mandamus. Like the third party beneficiary action filed by Clarke in this case, a *Stowers* cause of action does not accrue until the judgment in the underlying case becomes final. *Street*, 756 S.W.2d at 301. Therefore, the Supreme Court was required to determine the meaning of the word "final."

"[T]he term 'final' as applied to judgments, has more than one meaning." *Street*, 756 S.W.2d at 301. The court noted that, regardless of its appellate status, a judgment which is not superseded can be executed upon. *Id.* If the insured does not post a supersedeas bond pending the outcome of the appeal, the insured's assets remain subject to execution. As a result, the insured should have the right to pursue a *Stowers* action against the insured's insurance company for negligent failure to settle the claim even if the underlying judgment is pending on appeal. Therefore, the court held that "a judgment is final for the purposes of bringing a *Stowers* action if it disposes of all issues and parties in the case, the trial court's power to alter the judgment has ended, and execution on the judgment, if appealed, has not been superseded." *Id.*

The insurance policy in *Street* contained a "no action" clause similar to the policy in the current case. The provision provided in relevant part:

> No action shall lie against the company, unless, as a condition precedent thereto, ... the amount of the insured's obligation to pay shall have been *finally determined* either *by judgment* against the insured *after actual trial* or by written agreement of the insured, the claimant and the company.

The insurance company argued that this provision meant that no suit could be brought against it until the amount of the insured's obligation to pay was finally determined. While the supreme court upheld the validity of such a "no action" provision, it ruled that it supported, rather than contradicted, its holding. The court determined that the phrase, "by judgment ... after actual trial" defined the meaning of "finally determined" as used in the clause. Therefore, under the terms of the "no action" clause, the trial court's rendition of judgment against the insured in the underlying suit was a judgment after an actual trial sufficient to constitute a final determination of the insured's liability once the trial court's plenary power had been extinguished.

Interestingly, the third party in *Street* attempted to intervene in the *Stowers* action as a third party judgment creditor. Although the court noted that its rationale was not as compelling with regard to the third party, it nevertheless held that there was no harm in allowing them to intervene in the suit. *Street*, 756 S.W.2d at 302.

---

**2.** *G.A. Stowers Furniture Co. v. American Indem. Co.*, 15 S.W.2d 544, 547 (Tex.Comm'n App.1929, holding approved).

Gulf argues that the supreme court's comment concerning the third party in *Street* indicates that the court would not extend the holding of *Street* and *Scurlock* to cover a suit brought by a third party directly against an insurance company as in this case. While Gulf acknowledges the well-established rule that a judgment creditor can execute upon a judgment that has not been superseded pending appeal, Gulf maintains that it does not follow that it is "legally obligated to pay" that judgment before all appeals have been exhausted.

As noted above, numerous Texas cases hold that a third party's cause of action against an insurance company accrues when an actual judgment is obtained against the insured. *See, e.g., Getty Oil Co.*, 845 S.W.2d at 801. The supreme court has additionally noted that an insurance company becomes "legally obligated" to pay under a "no action" clause when a third party secures a judgment. *Dairyland County Mut. Ins. v. Childress*, 650 S.W.2d 770, 775 (Tex.1983). The rationale utilized by the supreme court in *Scurlock* is equally applicable to this case. If a third party could not bring suit against an insurance company until all appeals had been exhausted on the underlying judgment, "the victor in the first suit [would have] little incentive to go to trial in a subsequent suit, and the first suit loser [would have] every reason to procrastinate on appeal. Moreover, the waste of judicial time in relitigating already decided issues is apparent." *Scurlock*, 724 S.W.2d at 6. We see no reason not to follow the rationale of *Scurlock* and *Street* under the circumstances presented in this case. Accordingly, we hold that a judgment is final for the purposes of bringing a third party beneficiary action against an insured's insurance company if the judgment disposes of all issues and parties in the case, the trial court's power to alter the judgment has ended, and execution on the judgment, if appealed, has not been superseded.

## V. CONCLUSION

In the proof attached to Clarke's motion for summary judgment, Gulf admitted that it issued an insurance policy to Commercial, that the policy was in effect on the date the alleged negligence occurred, that the incident was covered by the policy, and the policy had a liability limit of $1,000,000. Clarke's proof also showed that he held a judgment against Commercial and that the judgment had not been superseded pending appeal. Therefore, the trial court correctly rendered summary judgment in favor of Clarke.

We overrule Gulf's sole point of error.

We affirm the trial court's judgment.