Kathie DAUTER–CLOUSE, Creditor for the Benefit of the BANKRUPTCY ESTATE OF A.R. JOHNSTON, Appellant,

v.

Iris ROBINSON and Hirsch, Glover, Robinson and Sheiness, Appellees.

No. 14–95–00603–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Aug. 29, 1996.

Rehearing Overruled Jan. 9, 1997.

Joe Alfred Izen, Jr., Bellaire, for appellants.

Thomas P. Sartwelle, Robert R. Debes, Houston, for appellees.

Before YATES, DRAUGHN and O'NEILL, JJ.

## OPINION

YATES, Justice.

Appellant, Kathie Dauter–Clouse, Creditor for the Benefit of the Bankruptcy Estate of A.R. Johnston, appeals from a summary judgment in favor of appellees, Iris Robinson, and the law firm of Hirsch, Glover, Robinson & Sheiness ("the law firm"). In one point of error, appellant contends the trial court erred in granting summary judgment. We affirm.

## FACTUAL & PROCEDURAL BACKGROUND

Attorney A.R. Johnston sued Kathie Dauter–Clouse for payment of legal fees after representing her in a divorce proceeding. Dauter–Clouse filed a counterclaim against Johnston for legal malpractice, and violations of the Texas Deceptive Trade Practices Act. Iris Robinson and the firm of Hirsch, Glover, Robinson & Sheiness represented Johnston. Approximately six months before trial, the trial court permitted Robinson and her firm to withdraw from Johnston's representation and Johnston retained other counsel. Prior to trial, the trial court struck his pleadings as sanctions for discovery abuse. Ultimately, Johnston proceeded to trial pro se as a counter-defendant.

A jury found in favor of Dauter–Clouse on all of her claims and awarded damages, which the trial court reduced to $6,136,-361.00. Unable to pay the judgment, Johnston filed for Chapter 7 bankruptcy protection. The bankruptcy court later discharged Johnston from his pre-petition debts, including the $6,136,361.00 judgment. Approximately six months later, on Dauter–Clouse's motion, the bankruptcy court granted Dauter–Clouse the right to proceed with a malpractice claim against Robinson and her law firm on behalf of Johnston's bankrupt estate, even though Johnston never asserted such a claim. Within nine months of the order allowing her to proceed, Dauter–Clouse filed a malpractice suit alleging Robinson and her law firm were negligent in (1) failing to advise Johnston about a settlement offer, (2) failing to advise Johnston about liability issues related to freezing Dauter–Clouse's assets, and (3) withdrawing from the case at a time when the withdrawal caused prejudice to Johnston.

Robinson and her law firm moved for summary judgment arguing, among other grounds, that unasserted, denied claims for legal malpractice cannot be assigned or involuntarily turned over to the bankruptcy estate under Texas law. Robinson and her law firm also moved to strike the affidavit of Dauter–Clouse's trial attorney, Michael Minns. The trial court granted summary judgment, and

later signed an order striking Minns' affidavit.

## STANDARD OF REVIEW

■ If a defendant moves for summary judgment on the plaintiff's cause of action, the defendant assumes the burden of showing as a matter of law that the plaintiff has no cause of action against the defendant. *See Rogers v. R.J. Reynolds Tobacco Co.,* 761 S.W.2d 788, 793 (Tex.App.—Beaumont 1988, writ denied) (citing *Gaddis v. Smith,* 417 S.W.2d 577 (Tex.1967)). To prevail a defendant must disprove as a matter of law at least one element of the plaintiff's cause of action. *Lear Siegler, Inc. v. Perez,* 819 S.W.2d 470, 471 (Tex.1991). Once the movant has established a right to summary judgment, the non-movant must expressly present any reasons seeking to avoid the movant's entitlement, and must support the reasons with summary judgment proof to establish a fact issue. *Westland Oil Dev. Corp. v. Gulf Oil Corp.,* 637 S.W.2d 903, 907 (Tex.1982); *Cummings v. HCA Health Serv. of Texas,* 799 S.W.2d 403, 405 (Tex.App.—Houston [14th Dist.] 1990, no writ). In deciding whether there is a disputed material fact issue precluding summary judgment, we consider as true all evidence favorable to the non-movant, and resolve every reasonable inference in the non-movant's favor. *Nixon v. Mr. Property Mgmt. Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). Moreover, when a summary judgment order does not specify the ground or grounds relied on for the ruling, as in this case, the reviewing court will affirm the judgment if any one of the theories advanced in the motion are meritorious. *State Farm Fire & Cas. Co. v. S.S.,* 858 S.W.2d 374, 380–81 (Tex.1993).

## OWNERSHIP OF LEGAL MALPRACTICE CLAIMS

■ In one point of error, Dauter–Clouse asserts that the trial court erred in granting summary judgment because federal bankruptcy law controls the ownership of Johnston's unasserted, denied claim of legal malpractice, and because her summary judgment proof raised fact issues precluding summary judgment. Dauter–Clouse maintains that federal bankruptcy law provides that all interests of the debtor, whether or not assignable or transferable under state law, become part of the bankruptcy estate. Therefore, she asserts, when Johnston filed for bankruptcy, his personal bankruptcy estate became the owner of all of Johnston's legal claims which accrued pre-petition.

■ Section 541(a)(1) of the Bankruptcy Code provides that the commencement of a case in bankruptcy creates an estate comprised of all of the debtor's legal or equitable interests in the property, with some exceptions, as of the commencement of the case. 11 U.S.C.A. § 541(a)(1) (West 1993). Section 541(c)(1) further states that the debtor's interest in the property becomes property of the bankruptcy estate regardless of an applicable nonbankruptcy law that may restrict or condition the transfer of such an interest by the debtor. *Id.* § 541(c)(1). Case law, likewise, provides that federal bankruptcy law, rather than state law regarding the assignability of a legal malpractice claim, or public policy under state law, determines whether malpractice claims are property of the estate. *Ellwanger v. Budsberg (In re Ellwanger ),* 140 B.R. 891, 900 (Bankr.W.D. Wash.1992).

■ Nevertheless, state law, and not federal bankruptcy law, determines whether a debtor has an interest in a particular item of property and the extent of that interest at the commencement of the bankruptcy case. *Butner v. United States,* 440 U.S. 48, 55, 99 S.Ct. 914, 918, 59 L.Ed.2d 136 (1979); *Ellwanger,* 140 B.R. at 898. In an analogous case with similar facts, the Corpus Christi Court of Appeals held that an unasserted, denied claim for malpractice is not an asset subject to turnover under Section 31.002 of the Texas Civil Practices and Remedies Code. *Charles v. Tamez,* 878 S.W.2d 201, 208 (Tex.App.—Corpus Christi 1994, writ denied). The *Tamez* court struggled with whether Texas courts should allow a creditor to essentially force litigation of a debtor's claim against his will, particularly one arising out of the personal relationship between attorney and client. *Id.* at 206. The court concluded that, to have a valid malpractice cause of action, a client must first decide

whether his attorney misrepresented him before he files suit. *Id.* at 207. The *Tamez* court also concluded that to allow a party to force a suit for malpractice on behalf of a satisfied opponent does not promote the specific purpose of the turnover statute or the overall purpose of the Texas legal system. *Id.* at 208. In reaching this conclusion, the court stated the following:

> We do not believe that our decision here deprives Charles of a valuable asset. A cause of action asserting that Tamez was injured likely would wither in the face of his adamancy that he was not injured by his representation and that his attorneys and insurance company did as he wished by not settling. We deprive Charles only of an insubstantial illusion of an asset, and we relieve the judicial system of a hollow lawsuit.

*Id.* at 209. *Tamez*, however, limited its holding to the "intrinsically personal, subjective cause of action for legal malpractice for failure to settle under the *Stowers* doctrine." *Id.* at 207.

 Because the facts of this case raise the same public policy concerns discussed in *Tamez*, we adopt the conclusion reached by that court. We hold that a debtor in Texas does not have an interest in an unasserted, denied legal malpractice claim. As a result, an unasserted, denied legal malpractice claim is not subject to inclusion in the estate of a bankrupt debtor under Section 541 of the Bankruptcy Code. Here, as in *Tamez*, Johnston did not simply decline to sue Robinson and her law firm for malpractice because he thought his claim to be worthless, but because he was satisfied with their representation. In fact, in his affidavit attached to the motion for summary judgment Johnston denied that he held a belief that Robinson's representation was a proximate or producing cause of the judgment entered against him in the underlying suit. Because Robinson and her law firm proved, as a matter of law, that Johnston did not own an interest in the unasserted, denied legal malpractice claim upon which the bankruptcy estate could base a claim, the trial court did not err in granting summary judgment in favor of Robinson.

Dauter-Clouse next asserts that her summary judgment proof was sufficient to raise fact issues concerning Robinson and her law firm's alleged malpractice in handling Johnston's law suit. Because we find that there is no asset upon which Johnston's bankruptcy estate may base its claim, we need not address this argument. We overrule Dauter-Clouse's point of error and affirm the judgment of the court below.