IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-05-00059-CV

 

Oscar Renda Contracting, Inc.,

                                                                      Appellant

 v.

 

H & S Supply Company, Inc.,

                                                                      Appellee

 

 

 



From the 393rd District Court

Denton County, Texas

Trial Court No. 2003-60165-393

 



O p i n i o n



 








          This appeal requires us to decide when
a judgment of dismissal “becomes final” for purposes of section 16.064 of the
Civil Practice and Remedies Code.  We will conclude that such a judgment
becomes final for purposes of this statute when it disposes of all issues and
parties in the case and the court’s power to alter the judgment has ended. 
Here, because Oscar Renda Contracting, Inc. filed suit within sixty days after
a prior judgment of dismissal became final, we will reverse and remand.

 

 

Background

          H & S Supply Company filed suit
against Renda to collect on a sworn account of about $80,000.  Renda filed
several counterclaims.  A jury found in favor of both parties, finding that H
& S was entitled to $81,776 on its claim and that Renda was entitled to
$117,500 on its counterclaims.  Thus, the trial court rendered judgment in
Renda’s favor for the difference.

          The Fort Worth Court of Appeals reversed
the judgment in favor of Renda and rendered a judgment of dismissal for want of
jurisdiction because Renda’s counterclaims exceeded the jurisdictional limits
of the trial court.[1]

          Renda reurged its counterclaims in a
new suit filed sixty-eight days after the Fort Worth Court issued its opinion. 
In this new suit, the trial court granted H & S’s summary judgment motion
premised on H & S’s contention that Renda’s suit was barred by limitations.

          Renda contends in three issues that
summary judgment was improper because: (1) its new suit was filed within six
months after the appellate court’s judgment of dismissal as permitted by
section 2.725(c) of the Business and Commerce Code; (2) its new suit was filed within
sixty days after the judgment of dismissal “became final” as permitted by
section 16.064(a); and (3) genuine issues of fact remain on the questions of
whether each of Renda’s claims accrued more than four years before Renda
refiled suit and whether the discovery rule applies to any of Renda’s claims.

Section 16.064(a)

          Renda contends in its second issue
that its suit is not barred by limitations because the judgment of dismissal in
the first suit did not became final for purposes of section 16.064(a) until the
appellate court’s plenary power expired or until its mandate issued.  H & S
responds that Renda’s new suit is untimely because the judgment of dismissal
became final on the date the appellate court issued its opinion.

          Section 16.064(a) provides:

          (a)  The period between the date of
filing an action in a trial court and the date of a second filing of the same
action in a different court suspends the running of the applicable statute of
limitations for the period if:

 

                   (1) because of
lack of jurisdiction in the trial court where the action was first filed, the
action is dismissed or the judgment is set aside or annulled in a direct
proceeding; and

 

                   (2) not later
than the 60th day after the date the dismissal or other disposition becomes
final, the action is commenced in a court of proper jurisdiction.

 

Tex. Civ. Prac. &
Rem. Code Ann. § 16.064(a) (Vernon 1997).

          It is undisputed that Renda filed the
second suit sixty-eight days after the appellate court issued its opinion and
judgment dismissing Renda’s counterclaims in the first suit for want of
jurisdiction.  The question presented is whether the appellate court’s judgment
“became final” on the date of issuance, when the appellate court’s plenary
power expired, or when the appellate court issued its mandate.

          The parties have been unable to cite
any particular case addressing what it means for a judgment to “become final”
for purposes of section 16.064, nor has our research disclosed such a case.

          The vast majority of decisions under
section 16.064 and its predecessor (article 5539a)[2]
 have treated the date of signing of the prior judgment of dismissal as the
date on which the 60-day period for refiling begins to run.  See, e.g., Rigo
Mfg. Co. v. Thomas, 458 S.W.2d 180, 181 (Tex. 1970); Winston v. Am. Med.
Int’l, Inc., 930 S.W.2d 945, 953-54 (Tex. App.—Houston [1st Dist.] 1996, no
writ); Vale v. Ryan, 809 S.W.2d 324, 327 (Tex. App.—Austin 1991, no
writ); Republic Nat’l Bank v. Rogers, 575 S.W.2d 643, 645 (Tex. Civ. App.—Waco
1978, writ ref’d n.r.e.).[3]  The
 Austin Court expressly declined to address the issue of when a judgment
“becomes final” for purposes of section 16.064.  See Vale, 809 S.W.2d at
327 n.4.

          However, in one decision very similar
to Renda’s case, the judgment of dismissal was initially rendered by the
appellate court.  See Allright, Inc. v. Guy, 590 S.W.2d 734, 735-36 (Tex. Civ. App.—Houston [14th Dist.] 1979, writ ref’d n.r.e.).  The plaintiff then filed the
suit in another court.  The defendant claimed on appeal from an adverse
judgment in the re-filed suit that the plaintiff’s claim was barred by
limitations.  See Allright, Inc. v. Guy, 696 S.W.2d 603, 605 (Tex. App.—Houston [14th Dist.] 1985, no writ).  The Fourteenth Court rejected this
contention, observing that the prior dismissal “was finally disposed of” on the
date the Supreme Court refused the writ of error, which was the same date on
which the plaintiff re-filed suit.  Id.

          Allright most closely supports
Renda’s position that the appellate court’s judgment of dismissal does not
become final until the court’s plenary power expires.  When Allright was
decided, an appellate court’s plenary power did not expire until the end of the
term during which the judgment was rendered (i.e., the end of the
calendar year[4]),
unless an application for writ of error was filed with the Supreme Court.  See
Mapco, Inc. v. Forrest, 795 S.W.2d 700, 702 (Tex. 1990) (orig. proceeding);
Stroud v. VBFSB Holding Corp., 917 S.W.2d 75, 78 (Tex. App.—San Antonio
1996, writ denied).  If a writ application was denied by the Supreme Court, the
intermediate appellate court had no power to alter its judgment thereafter.  See
Humble Exploration Co. v. Browning, 690 S.W.2d 321, 324 (Tex. App.—Dallas
1985, no writ).

          Thus, in Allright, the judgment
clearly “became final” after the Supreme Court denied the application for writ
of error.[5]  Id.  Nevertheless, Allright does not provide a clear rule for determining
when a judgment of dismissal becomes final for purposes of section 16.064. 
Therefore, we look to the Supreme Court’s decisions regarding finality of
judgments for further guidance.

          As the Supreme Court has recently
observed, “the term ‘final,’ as applied to judgments, has more than one
meaning.”  Sultan v. Mathew, 178 S.W.3d 747, 751 (Tex. 2005) (quoting Street
v. Second Court of Appeals, 756 S.W.2d 299, 301 (Tex. 1988) (orig.
proceeding)).

          The term ‘final judgment’ applies
differently in different contexts.  A judgment is ‘final’ for purposes of
appellate jurisdiction if it disposes of all issues and parties in a case.  The
term ‘final judgment’ is also used with reference to the time when trial or
appellate court power to alter the judgment ends, or when the judgment becomes
operative for the purposes of res judicata.

 

Id.
(quoting Street, 756 S.W.2d at 301) (quoting McWilliams v. McWilliams,
531 S.W.2d 392, 393-94 (Tex. Civ. App.—Houston [14th Dist.] 1975, no writ)
(citations omitted)).

          In Street, the Court
established a new rule for determining when a judgment against an insured
becomes final for purposes of bringing a subsequent Stowers action[6]
against an insurer.  756 S.W.2d at 301.  The Court held “that a judgment is
final for the purposes of bringing a Stowers action if it disposes of
all issues and parties in the case, the trial court’s power to alter the
judgment has ended, and execution on the judgment, if appealed, has not been
superseded.”  Id.; accord In re Hochheim Prairie Farm Mut. Ins. Ass’n,
115 S.W.3d 793, 795 (Tex. App.—Beaumont 2003, orig. proceeding); Gulf Ins.
Co. v. Clarke, 902 S.W.2d 156, 159 (Tex. App.—Houston [1st Dist.] 1995,
writ denied).

          To understand the Supreme Court’s
rationale for adopting the rule it did in Street, one must step back two
years to the Court’s decision in Scurlock Oil Co. v. Smithwick.  See
Gulf Ins. Co., 902 S.W.2d at 159 (citing Scurlock Oil, 724 S.W.2d 1,
6 (Tex. 1986)).  In what has been characterized as a “landmark case,”[7]
the Supreme Court adopted section 13 of the Restatement (Second) of Judgments
for determining whether a judgment retains its preclusive effect for purposes
of res judicata and collateral estoppel if it is appealed.  Scurlock
Oil, 724 S.W.2d at 6; see also Restatement
(Second) of Judgments § 13 cmt. f (1982).[8]

          In Scurlock Oil, the Court
decided to adopt the Restatement on this issue because under the then-extant
rule, 

until all avenues of appeal have been exhausted,
the victor in the first suit has little incentive to go to trial in a
subsequent suit, and the first suit loser has every reason to procrastinate on
appeal.  Moreover, the waste of judicial time in relitigating already decided
issues is apparent.

 

Scurlock Oil, 724 S.W.2d at 6.  Thus, the Court concluded “that a judgment is
final for the purposes of issue and claim preclusion “despite the taking of an
appeal unless what is called an appeal actually consists of a trial de novo.”  Id. (quoting Restatement (Second) of Judgments
§ 13 cmt. f).

          Two years later, the Court “logically
extended” the Scurlock principle to Stowers claims.  See Gulf Ins. Co., 902 S.W.2d at 159 (citing Street, 756 S.W.2d
at 300-01; Scurlock Oil, 724 S.W.2d at 6).  We can conceive no logical
basis why this principle should not be extended to section 16.064 as well.

          The Supreme Court has clearly
explained that a judgment “becomes final” at different times for different
purposes.  Sultan, 178 S.W.3d at 751 (citing Street, 756 S.W.2d at
301).  One purpose for determining when a judgment has become final is to
determine when a party must perfect an appeal.  Id.  Other purposes for
determining when a judgment has become final, are to determine “when trial or
appellate court power to alter the judgment ends, or when the judgment becomes
operative for the purposes of res judicata.”  Id. (quoting Street,
756 S.W.2d at 301).  This latter purpose is most applicable to the present
case.

          Section 16.064 establishes a time
limit within which a suit must be refiled to suspend the statute of
limitations.  In a similar manner, the Supreme Court determined in Street
when the statute of limitations begins to run on a Stowers claim after
the insured has suffered an adverse judgment.  Therefore, we will apply a rule similar
to that announced in Street to determine when a judgment of dismissal
has “become final” for purposes of section 16.064.

Conclusion

          A judgment of dismissal becomes final
for purposes of section 16.064 when it disposes of all issues and parties in
the case and the court’s power to alter the judgment has ended.[9] 
See Street, 756 S.W.2d at 301.

          Here, the Fort Worth Court’s plenary
power over its judgment of dismissal expired on June 16, 2003.  See Tex. R. App. P. 19.1(a).  Renda
re-filed its suit eight days later.  Therefore, the statutes of limitations for
Renda’s claims were suspended between the time it filed its counterclaims in
the first suit and the time it filed its second suit.  See Tex. Civ. Prac. & Rem. Code Ann. § 16.064(a). 
Accordingly, we sustain Renda’s second issue and do not reach its remaining
issues.

We reverse the judgment and remand this cause to
the trial court for further proceedings consistent with this opinion.

 

FELIPE REYNA

Justice

Before Chief Justice
Gray,

Justice
Vance, and

Justice
Reyna

(“Chief Justice Gray concurs only in the
judgment, noting that the discussion and conclusion announce a rule much
broader than is necessary to decide the issue presented to this Court.  For
that reason, I cannot join the opinion, but I concur in the judgment reversing
and remanding the case to the trial court for further proceedings.”)

Reversed and remanded

Opinion delivered and
filed May 31, 2006

[CV06]









[1]
          See H & S Supply Co. v.
Oscar Renda Contracting, Inc., No. 02-02-00093-CV, 2003 Tex. App. LEXIS
3377, at *9 (Tex. App.—Fort Worth Apr. 17, 2003, no pet.) (mem. op.) (per
curiam).





[2]
          Article 5539a provided:

 

            When an action shall be
dismissed in any way, or a judgment therein shall be set aside or annulled in a
direct proceeding, because of a want of jurisdiction of the Trial Court in
which such action shall have been filed, and within sixty (60) days after such
dismissal or other disposition becomes final, such action shall be commenced in
a Court of Proper Jurisdiction, the period between the date of first filing and
that of commencement in the second Court shall not be counted as a part of the
period of limitation unless the opposite party shall in abatement show the
first filing to have been in intentional disregard of jurisdiction.

 

Act approved Apr. 27, 1931, 42d Leg., R.S., ch. 81, § 1, 1931 Tex. Gen. Laws 124, 124 (repealed 1985) (current version at Tex. Civ. Prac. & Rem. Code Ann. § 16.064 (Vernon 1997)).

            





[3]
          The prior suit in Republic
National Bank v. Rogers had been filed in federal court.  See Groves v. Rogers, 547 F.2d 898 (5th Cir. 1977) (per curiam).





[4]
          See Act of June 1, 1981,
67th Leg., R.S., ch. 291, § 34, 1981 Tex. Gen. Laws 761, 779 (repealed 1985)
(current version at Tex. Gov't Code Ann.
§ 22.218 (Vernon 2004)).

 





[5]
          Although the judgment was
presumptively final when the Supreme Court denied the application for writ of
error, it arguably was not yet final because the Supreme Court still had
jurisdiction to entertain a motion for rehearing for an additional 15 days.  See
Tex. R. Civ. P. 515, 599-600
(Tex. Cases) lxxiii (Tex. 1980, repealed 1986) (current version at Tex. R. App. P. 64.1).

 





[6]
          See G.A. Stowers Furniture
Co. v. Am. Indem. Co., 15 S.W.2d 544 (Tex. Comm’n App. 1929, holding
approved).

 





[7]
          The Fort Worth Court also
characterized Scurlock Oil in this fashion.  See Am. Gen. Fire &
Cas. Co. v. Schattman, 761 S.W.2d 582, 587 (Tex. App.—Fort Worth 1988, no
writ).  The case is a “landmark case” because it overruled nearly a century’s
worth of precedent on this issue.  See Scurlock Oil Co. v. Smithwick,
724 S.W.2d 1, 6 (Tex. 1986) (overruling Tex. Trunk R.R. Co. v. Jackson,
85 Tex. 605, 22 S.W. 1030 (1893)).

 





[8]
          Comment f provides in pertinent
part:

 

                        There have
been differences of opinion about whether, or in what circumstances, a judgment
can be considered final for purposes of res judicata when proceedings have been
taken to reverse or modify it by appeal. The better view is that a judgment
otherwise final remains so despite the taking of an appeal unless what is
called an appeal actually consists of a trial de novo; finality is not affected
by the fact that the taking of the appeal operates automatically as a stay or
supersedeas of the judgment appealed from that prevents its execution or
enforcement, or by the fact that the appellant has actually obtained a stay or
supersedeas pending appeal.

 

 Restatement
(Second) of Judgments § 13 cmt. f (1982).





[9]
          In Street, the Supreme
Court also addressed the effect of an appeal on the finality of a judgment for
purposes of a subsequent Stowers action.  See Street v. Second Court
of Appeals, 756 S.W.2d 299, 301 (Tex. 1988) (orig. proceeding).  Here,
however, no “appeal” was pursued to the Supreme Court from the Fort Worth Court’s judgment of dismissal.  Therefore, we do not address the issue of what
effect, if any, an appeal would have on the finality of a judgment of dismissal
for purposes of section 16.064.