HSM DEVELOPMENT, INC., Appellant

v.

BARCLAY PROPERTIES, LTD., Appellee.

No. 05–10–01161–CV.

Court of Appeals of Texas, Dallas.

May 16, 2012.

P. Michael Jung, Strasburger & Price, L.L.P., Dallas, TX, James D. Shields, Shields Legal Group, Addison, TX, Bart F. Higgins, Bridgett Beatrice G. Zolyowski, Shields, Britton & Fraser, P.C., Plano, TX, for Appellant.

Brian P. Lauten, The Lauten Firm, P.C., Dallas, TX, for Appellee.

Before Justices MORRIS, FILLMORE, and MYERS.

## OPINION

Opinion By Justice MORRIS.

This is an appeal from an order in a post-judgment turnover proceeding. HSM Development, Inc. contends the trial court abused its discretion in awarding turnover relief to Barclay Properties, Ltd. because, among other things, Barclay failed to provide any evidence to support such an award. After reviewing the record on appeal, we conclude the trial court abused its discretion in granting Barclay's request for a turnover order. We vacate the trial court's order and remand the cause.

### I.

On December 4, 2009, a jury found HSM Development Inc. liable to Barclay Properties, Ltd. for negligent misrepresentation. In accordance with the jury's findings, the trial court signed a judgment awarding Barclay $334,471.89 in damages and costs. HSM filed a motion in the trial court to disregard the jury's findings, but did not file an appeal. The trial court denied the motion to disregard, and the judgment became final ninety days after it was signed.

On August 13, 2010, Barclay filed an application for post-judgment turnover relief and attorney's fees. In its application, Barclay requested an order requiring HSM to turn over "all of the stock of HSM (believed to be 1,000 shares owned by HSM CO) and all of the companion rights to sue directly HSM Development, Inc.'s officers, directors, and shareholders for, inter alia, gross neglect, breach of fiduciary duty, and for leaving the corporation financially destitute and for failing to pursue an appeal on HSM's behalf." Attached to the application were copies of the final judgment and the order denying HSM's motion to disregard the jury findings. Barclay submitted no other evidence in support of the application.

Also on August 13, Barclay filed a motion for sanctions against Don Plunk, HSM's president. Attached to the motion were various exhibits including deposition testimony, excerpts of trial testimony, and documents relating to HSM's assets. In response to the motion, Plunk filed a plea to the jurisdiction.

Both the application for a post-judgment turnover order and the motion for sanctions were heard on August 31, 2010. The court first heard the motion for sanctions. Plunk argued the trial court did not have plenary power to rule on the motion. The trial court agreed and sustained Plunk's plea to the jurisdiction.

The court then heard Barclay's request for a turnover order. HSM argued the requested turnover order would be improper because the assets Barclay was seeking to reach were not owned by HSM, the judgment debtor. Barclay did not introduce any evidence in support of its application, but instead noted that HSM had not provided any evidence that the assets it sought to have turned over were not reachable. After hearing the argument, the trial court signed an order stating "[u]pon reviewing the Motion [for turnover] and after entertaining the arguments of Counsel, this Court is of the opinion that the Motion is well taken and in all things shall be GRANTED."[1] HSM brings this appeal challenging the sufficiency of both the proof and the pleadings to support the turnover order.

## II.

■■■ We review the trial court's decision to grant or deny a turnover order for an abuse of discretion. *See In re C.H.C.,* 290 S.W.3d 929, 931 (Tex.App.-Dallas 2009,

no pet.). We may reverse the trial court's ruling only if it acted in an unreasonable or arbitrary manner or acted without reference to any guiding rules or principles. *Id.* A trial court abuses its discretion if there is no evidence of a substantive and probative character to support the decision. *Id.*

■■■ A turnover order is proper if the conditions of section 31.002 of the Texas Civil Practice and Remedies Code are met. *See Suttles v. Vestin Realty Mortg. I, Inc.,* 317 S.W.3d 412, 416 (Tex.App.-Houston [1st Dist.] 2010, no pet.). Among the requirements of section 31.002 is that the creditor must show that the debtor owns property, including present or future rights to property, that cannot readily be attached or levied on by ordinary legal process. *See* TEX. CIV. PRAC. & REM.CODE ANN. § 31.002(a) (West 2012); *see also Europa Int'l, Ltd. v. Direct Access Trader Corp.,* 315 S.W.3d 654, 656–57 (Tex.App.-Dallas 2010, no pet.). In this case, Barclay presented no evidence to show that HSM had any present or future rights to the property it sought to have turned over. As stated above, Barclay submitted no evidence in support of the application other than the judgment it was seeking to enforce and the order on HSM's motion to disregard.

Barclay contends the trial court had the discretion to consider all the evidence before it at the hearing including the evidence submitted in support of the motion for sanctions heard at the same time. This argument is not well taken for two reasons. First, the trial court stated in its turnover order that its review was limited to Barclay's application for a turnover or-

---

1. The rest of the order shows that the application was not, in fact, granted "in all things." The trial court denied Barclay's request for turnover of the 1,000 shares of stock and

exempted legal malpractice claims from the rights and causes of action to be assigned to Barclay.

der and the arguments of counsel. The application for turnover order and the arguments of counsel are not evidence upon which the trial court could have based its order. *See McCain v. NME Hospitals, Inc.,* 856 S.W.2d 751, 757 (Tex.App.-Dallas 1993, no writ); *Delgado v. Kitzman,* 793 S.W.2d 332, 333 (Tex.App.-Houston [1st Dist.] 1990, no writ). Second, even though Barclay's motion for sanctions was heard at the same time as its request for a turnover order, the trial court did not reach the merits of the motion for sanctions, but instead resolved the matter on jurisdictional grounds. Accordingly, the trial court had no reason to consider the evidence submitted in support of the sanctions motion.

Barclay also points to its application for a post-judgment writ of garnishment and the attached evidence that was filed the same day as the application for a turnover order. Although the two pleadings were filed the same day, the application for a writ of garnishment was filed as a separate civil action with a different cause number. There is no indication any of the evidence in that case was before the trial court in this case.

Finally, Barclay relies on a transcript from a bankruptcy court proceeding to support the turnover order. The notice of filing attached to the bankruptcy court transcript indicates it was not filed with the trial court in this case until March 22, 2011, well after the order at issue was signed. The trial court, therefore, could not have had the transcript before it at the time of its ruling.

Because there is no indication the trial court was presented with or considered any evidence to support the requirements of section 31.002 of the Texas Civil Practice and Remedies Code when it made its ruling, we conclude the trial court abused its discretion in granting the turnover or-

der. Given this conclusion, it is unnecessary for us to consider the remainder of HSM's arguments. We vacate the August 31, 2010 turnover order and remand the cause to the trial court.