**AFFIRMED; Opinion Filed May 11, 2016.**



In The

# Court of Appeals
# Fifth District of Texas at Dallas

### No. 05-15-00052-CV

**MATTHEW GOGGANS, Appellant**
**V.**
**TONIA MARIE FORD, Appellee**

**On Appeal from the 44th Judicial District Court**
**Dallas County, Texas**
**Trial Court Cause No. DC-12-02281**

# MEMORANDUM OPINION

Before Justices Lang-Miers, Evans, and Schenck
Opinion by Justice Evans

In this appeal from a turnover order, appellant Matthew Goggans contends the trial court erred in turning over claims he might have against his liability insurer while the underlying judgment against him is being appealed. We conclude the trial court did not abuse its discretion and we affirm the turnover order.

## BACKGROUND

Appellee Tonia Marie Ford sued Goggans for injuries she sustained in an automobile accident. Goggans was provided a defense by his insurer, Germania Insurance Company. Prior to trial, Ford offered to settle her claims against Goggans for the limits of his insurance coverage. Germania refused the settlement offer. After a trial on the merits, a jury found Goggans was negligent in his operation of a motor vehicle and that such negligence proximately caused the

injuries and damages sustained by Ford. The trial court signed a judgment awarding Ford $323,391.94 in damages plus post-judgment interest at a rate of five percent per annum. This amount exceeded the limits of Goggans's liability insurance policy.

After entry of the judgment, Goggans filed, among other things, a notice of appeal and a motion to decrease the security required for a supersedeas bond. The trial court conducted a hearing on the motion to decrease security and denied it without prejudice to allow Goggans to refile his request with an amended affidavit concerning his assets. Goggans filed his first amended motion to decrease security on November 12, 2014.

One week before Goggans filed his amended motion to decrease security, Ford filed a motion for turnover order. The motion requested the court to order Goggans to turn over all claims he had against his insurance company, including any cause of action for negligent failure to settle within policy limits (a "*Stowers* claim"). *See G. A. Stowers Furniture Co. v. American Indem. Co.*, 15 S.W.2d 544, 547 (Tex. 1929) (insurer has duty to settle within policy limits when reasonably prudent to do so). Submitted along with the motion were letters showing that Ford offered to settle her claims against Goggans for the coverage limits of Goggans's liability insurance policy and that Germania refused the offer. Goggans responded to the request for turnover order arguing that Ford's motion was premature because the judgment establishing his liability was not final and no *Stowers* claim in which he would have a property interest yet existed. In the alternative, Goggans argued it was against public policy to allow a *Stowers* claim to be made the subject of a turnover order.

At the hearing on Ford's motion for turnover, the following exchange between the court and Ford's counsel occurred:

> THE COURT: Well, first, let me make sure that I understand what [Ford] wants. [Ford] wants the potential cause of action, the *Stowers* cause of action . . . . That's what you want as far as in lieu of the supersedeas bond?

APPELLEE'S COUNSEL: Yes

The trial court granted the motion for turnover order and ordered that "any and all causes of action [Goggans] has, or in the future may possess, including but not limited to the *Stowers* action are hereby award [sic] and turned over to [Ford]." The record contains no ruling, and the parties concede there is none, on Goggans's motion to decrease the security required for a supersedeas bond. Goggans then brought this appeal from the trial court's order.

During the pendency of this appeal, a different panel of this Court affirmed the judgment against Goggans in the underlying personal injury case. *See Goggans v. Ford*, No. 05-14-01239-CV, 2015 WL 8523302 (Tex. App.—Dallas Dec. 9, 2015, pet. filed) (mem. op.). Goggans has filed a petition for review of that decision with the Texas Supreme Court.

## ANALYSIS

We review the trial court's decision to grant or deny a turnover order for an abuse of discretion. *See HSM Dev., Inc. v. Barclay Props., Ltd.*, 392 S.W.3d 749, 751 (Tex. App.—Dallas 2102, no pet.). We may reverse the trial court's ruling only if we conclude the court acted in an unreasonable or arbitrary manner or acted without reference to any guiding rules or principles. *Id.*

Under section 31.002 of the Texas Civil Practice and Remedies Code, a trial court may order a judgment debtor to turnover nonexempt property, including present or future rights to such property, that cannot readily be attached or levied on by ordinary legal process. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 31.002 (West 2015). Rights to a judgment debtor's claims against his insurer may properly be made the subject of a turnover order. *See D & M Marine, Inc. v. Turner*, 409 S.W.3d 853, 858 (Tex. App.—Fort Worth 2013, no pet.). Goggans argues he has no present or future property rights in any *Stowers* claim against his insurer because the *Stowers* claim does not yet exist and will not accrue unless all appeals of the underlying

–3–

judgment have been exhausted and the judgment against him is affirmed. Goggans relies on the case of *Street v. Honorable Second Court of Appeals*, 756 S.W.2d 299, 301 (Tex. 1988). *Street*, however, contradicts Goggans's position rather than supports it.

In *Street*, the court held that "a judgment is final for the purposes of bringing a *Stowers* action if it disposes of all issues and parties in the case, the trial court's power to alter the judgment has ended, and execution on the judgment, if appealed, has not been superseded." *Id*. The court went on to hold that, if the underlying judgment against the insured has not been superseded, the insured may bring a *Stowers* claim against his insurer regardless of the appellate status of the case because the outstanding judgment causes injury while it remains unpaid. *Id*. Goggans suggests the judgment against him is not final under *Street* because Ford cannot execute upon the judgment until the trial court rules on his amended motion to decrease the security required for the supersedeas bond. Goggans essentially contends that his motion, which has been pending for almost a year and a half, has the same effect as if he had posted a sufficient bond to supersede the judgment. Goggans cites no authority for the proposition that filing a motion to decrease security, by itself, prevents enforcement of a judgment and we have found none.

There are only four methods by which a judgment may be superceded: (1) filing with the trial court clerk a written agreement with the judgment creditor for suspending enforcement of the judgment; (2) filing with the trial court clerk a good and sufficient bond; (3) making a deposit with the trial court clerk in lieu of a bond; or (4) providing alternate security ordered by the court. TEX. R. APP. P. 24.1. Goggans argues that the discussion between the trial court judge and Ford's counsel at the hearing on the turnover order constitutes an agreement suspending enforcement of the judgment. The exchange to which Goggans refers was a question by the judge asking if Ford wanted a turnover of the *Stower's* claim "in lieu of a supersedeas bond" to which Ford's counsel responded "yes." Counsel's oral representation to the court that Ford

would prefer a turnover order to a supersedeas bond in no way constitutes an agreement between the parties, let alone a written agreement filed with the trial clerk as required by the Texas Rules of Appellate Procedure. *Id.* Indeed, Goggans brought this appeal for the sole purpose of attempting to reverse the very order he contends Ford accepted in exchange for suspending enforcement of the judgment. Because the underlying judgment against Goggans has not been superseded and is final for purposes of *Stowers*, a claim may be brought against Goggans's insurer regardless of the fact that all appeals have not been exhausted. *See Gulf Ins. Co. v. Clarke*, 902 S.W.2d 156, 160 (Tex. App.—Houston [1st Dist.] 1995, writ denied) (finality of judgments rule stated in *Street* equally applicable to claims brought by third parties against insurer). The claim, therefore, exists as property subject to turnover.

Goggans next argues that public policy prohibits the turnover of his *Stowers* claim. Although Goggans concedes that *Stowers* claims are assignable, he contends assignment by virtue of a turnover order constitutes an impermissible "involuntary assertion" of the claim. Generally, causes of action against third parties are properly made the subject of a turnover order when the judgment creditor has the same interest in pursuing them to maximum value as the judgment debtor. *See D & M*, 409 S.W.3d at 857. Some Texas courts have held, however, that a *Stowers* claim is not subject to turnover if the insured has indicated he was satisfied with his insurer's decision not to settle or he has released his potential claims against the insurance company. *See Charles v. Tamez*, 878 S.W.2d 201, 208 (Tex. App.—Corpus Christi 1994, writ denied); *Nationwide Mut. Ins. Co. v. Haffley*, 78 Fed. Appx. 348 (5th Cir. 2003). Where the insured has no complaints about his representation or no interest in pursuing a claim, he and the judgment creditor would not be aligned. The duty to settle a lawsuit under *Stowers* is a personal duty and the insured should not be forced to pursue a claim that he has no wish to pursue. *See Tamez*, 878 S.W.2d at 208. Furthermore, where the insured is satisfied with his insurer's

representation and denies that he suffered any injury, no *Stowers* cause of action exists. *See id.* at 209; *Dauter-Clouse for Benefit of Bankr. Estate of Johnson v. Robinson*, 936 S.W.2d 329, 332 (Tex. App.—Houston [14th Dist.] 1996, no pet.).

Unlike the cases that have held a turnover order would violate public policy, there is no evidence here that Goggans was satisfied with his insurer's refusal to settle the underlying suit or that he did not wish to pursue a *Stowers* claim. Such evidence could easily have been produced. Goggans has not taken the position that a *Stowers* claim does not exist on the basis that he was not injured. Absent such evidence, we cannot conclude the trial court abused its discretion in granting the turnover. *See D & M*, 409 S.W.3d at 858 (turnover did not violate public policy where there was no evidence insured did not want to be indemnified).

To the extent Goggans has raised concerns that pursuit of a *Stowers* claim could interfere with his defense during the pendency of his appeals, the supreme court in *Street* noted that "a trial court might in some instances have the authority to abate such a suit until all appeals are exhausted [and] it is within the sound discretion of the trial court to regulate discovery and the setting of trial to advance the ends of justice." *Street*, 756 S.W.2d at 302. Here, Goggans does not complain that discovery, if any, pursuant to the turnover order has or may interfere with Goggans's prosecution of his appeals with counsel retained through his insurance policy. There is nothing, therefore, for us to rule on regarding interference discovery might cause.

**CONCLUSION**

Based on the foregoing, we resolve Goggans's sole issue against him. We affirm the trial court's order.

|  | /David Evans/ |
|---|---|
|  | DAVID EVANS |
| 150052F.P05 | JUSTICE |



## Court of Appeals
## Fifth District of Texas at Dallas

## JUDGMENT

MATTHEW GOGGANS, Appellant

No. 05-15-00052-CV     V.

TONIA MARIE FORD, Appellee

On Appeal from the 44th Judicial District Court, Dallas County, Texas
Trial Court Cause No. DC-12-02281.
Opinion delivered by Justice Evans. Justices Lang-Miers and Schenck participating.

In accordance with this Court's opinion of this date, the trial court's order on motion for turnover dated December 15, 2014 is **AFFIRMED**.

It is **ORDERED** that appellee TONIA MARIE FORD recover her costs of this appeal from appellant MATTHEW GOGGANS.

Judgment entered this 11th day of May, 2016.